DORCAS FAY *vs.* WILLIAM C. FAY and others.

In order to satisfy the proviso in the Rev. Sts. *c.* 62, § 4, — " unless it shall clearly appear by the will that the devisor intended to convey a less estate," — the intention of the testator need not be declared in express terms : it is sufficient, if such intention can be clearly and satisfactorily inferred (on a comparison of the different parts of the will), either from particular provisions which are inconsistent with an intent to give a fee, or from the general import, scheme, and object, of the will.

Where a testator, in lieu and bar of dower, devised the " use and improvement" of one third of his real estate to his wife, and bequeathed her certain personal estate, during her life, and the income of certain other personal estate, during her widowhood, and also made devises in fee of certain real estate, by the use of the proper technical terms : it was held, that, by the words "use and improvement," the wife took an estate for life in the real estate; and (admitting the devise to her to be within the Rev. Sts. *c.* 62, § 4, which the court did not decide) that the statute

did not enlarge her estate to a fee, as it clearly appeared, by the will, that the devisor intended to convey a less estate.

Trustees under a will being authorized and empowered "to grant and sell the whole or any part" of the testator's "estate real or personal, with full power to execute any deed or deeds effectual in law to pass a complete title thereto; "—it was held, that the legal estate did not vest in the trustees.

A testator gave his wife the use and improvement of one third of his real estate, together with certain personal estate, during her life, and the income of certain other personal estate, during her widowhood, and gave the residue, &c., of his estate, real, personal, and mixed, to trustees, in trust to manage, &c.. and to pay over quarterly, to the several beneficiaries under the will, the rent, income, and interest of the said estate, including and embracing that the use whereof was devised to his wife; — it was held, that the trust did not extend to and include the real estate, the use and improvement of which was devised to the wife.

Where a petitioner for partition alleged a seizin in fee, and, upon the facts as agreed by the parties and submitted to the court, it appeared that the petitioner's interest was only for life, the petition was amended so as to conform to the opinion of the court, and judgment for partition awarded accordingly.

This was a petition for partition, in which the petitioner alleged, that, as one of the devisees under the will of her late husband, Windsor Fay, deceased, she was seized in fee of an undivided third part of all the real estate of which he died seized and possessed, in common with the respondents, who were the other devisees under the will. The respondents pleaded that they were sole seized, and issue was joined on such plea.

The cause was submitted to the court upon an agreed statement of facts, from which it appeared, that the petitioner was the widow of Windsor Fay, late of Boston, deceased, who died seized of the several parcels of real estate described in the petition ; that Eliza, one of the daughters and devisees of the testator, died February 2d, 1843, leaving one child ; that the testator died May 28th, 1844, having made the will alluded to, which was duly proved, approved, and allowed ; and that the daughter of Eliza died December 31st, 1844, an infant, unmarried and without issue, leaving her father alive.

The material parts of the will, upon the construction of which the questions arose, which were decided in the case, are as follows :

1. "I will, order, and direct all my just debts to be paid, as soon after my decease as conveniently may be, hereby

recommending to my executors hereinafter named, to sell off my shipping and other property, abroad and at risk, and all other property not suitable for permanent investment, as soon as it can be done to advantage, and to cause the same to be converted into money or some safe, secure, and permanent investment.

2. " I give to my honored father, John Fay, and mother, Lavina Fay, now residing in Fitzwilliam, New Hampshire, the use, rents, and improvement of all the land, dwelling-house, and farm, which I own in said Fitzwilliam, during their joint lives and the life of the survivor, they to pay the taxes thereon and keep the same in tenantable repair, and I do further will and order, that my said executors shall release them from all liability for prior rents of said place, or any other claims I may hold against them.

3. " I give, devise, and bequeath to my dear wife, Dorcas Fay, the use and improvement of one third of all my real estate, except the farm above referred to, which, after the decease of the survivor, I do hereby give to my two sons William C. Fay and Francis W. Fay, to be equally divided between them, to their heirs and assigns forever. I give also to my said wife Dorcas all the household furniture in my house and family stores therein contained, the said furniture during life, and at her decease to be equally divided among my daughters herein named; I also give my said wife pew No. 56 in the Rev. Mr. Mott's meeting-house, in Boston; and, wishing amply to provide for my said wife, during widowhood, if she shall survive me, I do further give her, so long as she shall remain my widow, the income of one third part of all my personal estate, to be quarterly paid her by my trustees hereinafter named, during life, if she shall so long live my widow, but in case of her second marriage, the said income so made payable as aforesaid is to fall into the residue of my estate, to be paid over and distributed in manner and form as provided in the residuary clause hereinafter set forth, and the foregoing provisions for my said wife, which I have reason to believe are ample, are to be taken and

considered in lieu and bar of all right to dower or thirds or other claim on my estate.

4. " I give to my daughters Lucinda Fay, Eliza Fay, and Helen Maria Fay, the sum of one thousand dollars each; to be paid them on their marriage or arrival at twenty-one years, whichever first may happen.

5. " I give my son Francis W. Fay the sum of four thousand dollars, to be paid him on his arrival at the age of twenty-one years.

6. " The residue and remainder of my estate, real, personal, and mixed, be the same more or less, or wherever to be found, of which I may die seized or possessed, or entitled so to be, I do give, devise, and bequeath the same to my son William C. Fay, and William A. Hyde, and to the survivor of them, and to his executors and administrators, but in trust to and for the several trusts, uses, and purposes hereinafter expressed and declared, and none other :

" In trust to manage the real and personal estate, and from time to time to receive and collect the rents and income thereof, and after making all needful repairs and deducting all expenses, including insurance, and all other reasonable charges necessarily incident to said trust : then,

" In trust to pay over quarterly to my said wife, Dorcas, the income and interest of one third part of my said personal estate [ex]clusive of the legacies aforesaid, during the term of her widowhood :

" In trust, in the second place, to pay over quarterly the rent, income, and interest of the said residue of my estate, including and embracing that, the use whereof is devised to my wife during widowhood (when the same shall fall in) to my several children, Dorcas C. Smith, wife of Nathaniel P. Smith ; Caroline Pond, wife of Sabin Pond ; Mary H. Brewer, wife of Nathaniel Brewer ; Lydia Ann Robbins, wife of Henry Robbins; Lucinda Fay, Eliza Fay, Helen Maria Fay, William C. Fay, and Francis W. Fay, to be equally divided between them, and in case of the decease of either of my said children, without children or lawful issue, I

then will, that the income and interest so given as aforesaid shall, in like manner, be divided among the survivors; but in case my said children die leaving issue, then the capital of such deceased child's share shall be equally divided among such issue, share and share alike, to their heirs and assigns forever.

" And it is expressly my will and intention, that the said several shares of income and interest growing and arising out of the trust fund or property aforesaid, and made payable to my daughters, through the agency of the trustees, as aforesaid, should be paid to my daughters, upon their own separate order or receipt, to be severally signed by themselves, free from the control or interference of any husband or husbands they now have, or may in future have, and not in any way to be subject to the debts of any such husband or husbands, or to be liable upon any attachment, trustee process, judgment, or execution, and which said shares of income and interest, as aforesaid, and also the said capital, are hereby expressly declared inalienable, and not subject to sale, mortgage, lien, or any other incumbrance whatsoever, by my said daughters, or any husband or husbands they may have.

7. " And I do hereby authorize and empower my said trustees, or the survivor of them, to grant and sell the whole or any part of my estate, real or personal, with full power to execute any deed or deeds effectual in law to pass a complete title thereto, at and for such prices as they may deem proper; but the avails thereof are to be by them retained and held for the same uses and purposes as the lands or other property would be held by the trusts before created.

8. " I do hereby nominate and appoint my said son William C. Fay, and William A. Hyde, trustees for all the purposes of this will, and executors of this my last will, and testament, hereby revoking all former wills by me heretofore made."

*W. C. Aylwin*, for the petitioner, argued, that she was entitled, under the first clause of the will, to a fee in one third of the real estate of the testator, on two grounds:

1. The testator gives the petitioner the "use and improve-
ment" of one third of his real estate ; and the word " use,"
since the statute of uses, must be presumed to be employed
in its technical sense. The struggle in this country has
been, to do away with the rule, that an heir cannot be disin-
herited by implication. See *Lambert* v. *Paine*, 3 Cranch,
97 ; *Anonymous*, 3 Dallas, 477.

2. The terms "use and improvement" are sufficient, at
all events, to give the petitioner an estate for life. It is
settled by a long train of decisions, both at law, and in
equity, that by these or equivalent terms, such as " income,"
" ground rents," " rents and profits," an estate for life passes
to the devisee. *Maundey* v. *Maundey*, 2 Strange, 1020 ;
*Johnson* v. *Arnold*, 1 Ves. Sen. 169, 171 ; *Allen* v. *Back-
house*, 2 Ves. & B. 65 ; *Doe* v. *Willan*, 2 Barn. & Ald. 84;
*Reed* v. *Reed*, 9 Mass. 374.

The petitioner being thus entitled to an estate for life, at
common law, by force of the words " use and improvement,"
her interest is enlarged to a fee by the Rev. Sts. *c*. 62, § 4,
by which, it is declared, that every devise of land shall be
construed to convey all the estate of the devisor therein,
unless a different intention clearly appears by the will, which
is not the case here.

*C. G. Loring & C. B. Goodrich*, for the respondents,
argued, that the petitioner did not take a fee under the will.

1. The terms, in which the devise is made, are not apt and
sufficient, of themselves, to carry a fee. When words are
used, which have an acquired meaning, they are presumed to
be used in that sense ; and the words here, according to their
acquired meaning, import no greater estate than for the life
of the devisee. If a testator uses words, which have a le-
gal signification, such words are held to express his intent.
2 Jarman on Wills, 170. Here there is nothing to show an
enlarged meaning ; and there are considerations which indi-
cate the contrary. *Cook* v. *Holmes*, 11 Mass. 531 ; *Bowers*
v. *Porter*, 4 Pick. 198.

2. The fourth section of the Rev. Sts. *c*. 62, is not appli-

cable to enlarge the estate of the petitioner, because the devise of a life estate to her is not in express terms.   See *Fuller* v. *Yates,* 8 Paige, 326.   But, conceding that the statute applies, it is not to operate, provided it clearly appear by the will, that the devisor intends otherwise; and that is evident, in the present case, from a variety of considerations.   The terms "use and improvement" import only a limited enjoyment.   *Bowers* v. *Porter,* 4 Pick. 204.   So of the phrase "freely to be possessed and enjoyed."   *Goodright* v. *Bacon,* 11 East, 220.   Again, the terms of the devise do not come within the language of the statute.   The latter speaks of a devise of land; the language here is the "use and improvement" of land : and, in the definition of this term in Rev. Sts. *c.* 2, use and improvement are not included.   There are other provisions of the will, also, which indicate the intention of the testator in this respect.   He intended that his property should not go out of his family; and this intent is to govern, because it is plain and clear, and because it is the last. *Bradstreet* v. *Clark,* 12 Wend. 602, 664.

Whenever the testator intends to give a greater estate than for life, he uses words properly expressive of that intent. All the provisions may be reconciled by supposing the petitioner to be beneficially interested for her life.   The intent is to be gathered from the whole will; and if a particular intent is opposed to the general, the former must yield. *Hawley* v. *Northampton,* 8 Mass. 3 ; *Cook* v. *Holmes,* 11 Mass. 528 ; *Smith* v. *Bell,* 6 Peters, 68.

3. The clause, authorizing a sale by the trustees, either created a fee in them, or, at all events, invested them with such a power of sale and disposition, as to preclude the petitioner from partition.   A devise to executors, with a power to sell, vests a fee in them, without words of inheritance. *Bradstreet* v. *Clark,* 12 Wend. 662, 663.   In this case, there is substantially a devise to executors, with a power to sell ; the trustees have power to manage the estate, make repairs, &c., which indicates something more than a naked power. If not in terms a devise, with power to sell, but a mere power

to sell, there are circumstances which are quite equivalent to express terms. *Schaube* v. *Jackson*, 2 Wend. 1. But, further, if the petitioner is entitled for life or in fee, she cannot have partition during the continuance of the authority of the trustees to sell ; their duties being inconsistent with any such claim on her part. See *Claggett* v. *Hardy*, 3 N. H. 147 ; *Dawes* v. *Swan*, 4 Mass. 208 ; Lewin on Trusts, 239 ; *Nash* v. *Cutler*, 19 Pick. 67 ; 4 Kent (5th Ed.) 540.

*Aylwin*, in reply. The devise to the widow is specific, and not merely beneficial. The testator was not *inops consilii*. He knew how to create an estate for life. He does so in the devise to his father and mother. If, taking the whole will together, the petitioner is entitled to a fee, the court will not cut down her estate by a general residuary clause. The power to sell would apply as well to the devise to the father and mother as to the petitioner. If the testator intended to keep his estate in his own family, he has not used sufficient terms for the purpose ; for one ninth of the whole has already gone, by the death of an infant grandchild, to the father of that child, who is not of the blood of the testator.

FORBES, J. This is a petition for partition. The petitioner alleges that she is seized in fee of the several parcels of real estate described in her petition. The seizin of the petitioner is denied by the respondents, who contend that she has no legal estate in the premises. All parties claim title under the will of Windsor Fay, the late husband of the petitioner, and their rights depend upon the true meaning and construction of that will. The will is not drawn with legal precision, and in several particulars, the intention of the testator is not free from doubt. One of the most embarrassing of the duties, which the court are called on to perform, is to gather their real meaning and intent from writings, the object of which is either imperfectly conceived by the writer, or obscurely and unskilfully expressed. In the construction of wills, it is a well settled general rule, that the intention of the testator shall govern, and the intention is to be collect·

from the whole will, rather than from an isolated clause or expression. But as no two wills are precisely alike, cases frequently arise, in which but little aid can be derived from previous decisions ; and the intention, when ascertained, is sometimes liable to be controlled by technical rules and the force of technical expressions.

The first clause in this will provides for the payment of the debts of the testator, and directs the sale of a certain description of property, with a view to a permanent investment. The second clause gives to the father and the mother of the testator, and the survivor of them, a life estate in the farm in New Hampshire ; it directs the executors to release them from all claims of the testator, for rents or otherwise ; and it imposes upon them the burden of taxes and repairs. The principal questions have arisen upon the provisions contained in the third and sixth clauses of the will.

The third clause is as follows. [Here the judge recited the clause as above, p. 95.]

In the construction of this clause the counsel for the petitioner contends :

1. That at common law, it would be held to be a devise of a freehold estate for the life of the petitioner; and to this point several authorities were cited.

The use and improvement of real estate, by necessary implication, imports the exclusive possession and occupancy ; and the court entertain no doubt of the correctness of this construction of the devise.

2. That if it was a devise of a freehold estate at common law, then, by force of the statute, it must be held to be a devise of an estate in fee.

The will was made a few months after the revised statutes went into operation, and is therefore to be construed with reference to the provisions of that code.

The petitioner relies upon the fourth section of the sixty-third chapter of the Rev. Sts., which provides, that " every devise of land, in any will hereafter made, shall be construed to convey all the estate of the devisor therein, which he

9 *

could lawfully devise, unless it shall clearly appear by the will, that the devisor intended to convey a less estate."

The exact language of the statute is not found in this clause of the will, this not being, in terms, a devise of land ; but assuming that the statute is applicable, the question arises, whether it does not clearly appear by the will, that the testator intended to convey an estate less than a fee.   The proviso contained in the foregoing section regards the intention of the testator exclusively.   The legislature have not required that the intention should be declared in express terms; but to avoid the danger of defeating it, by any inflexible rule of law, they have left such intention to be gathered from the will by a comparison of its several provisions and a clear deduction from them.   The inference must be clear and satisfactory to the mind, and it may be drawn from particular provisions, inconsistent with an intent to give a fee, or from the general import, scheme, and object of the will.   Wills being frequently made by persons unacquainted with the technical language of the law, it sometimes happened that the intention of the testator was defeated by the omission of apt words of limitation.   It was the design of the legislature to remedy this evil, and they are supposed to have proceeded on the hypothesis, that in a large majority of cases, in which a less estate is not named, testators intend to give a fee ; and as a general rule, presumptions in favor of the larger estate are safer, and better calculated to give effect to the intention of devisors.   But while the legislature changed the rule, they were careful not to fall into the opposite error, by requiring estates less than a fee to be created in express terms ; and the court, it is believed, will promote the object of the legislature, by extending the proviso in this section to all cases, in which the intent to give an estate less than a fee can be justly and fairly inferred from the provisions of a will.

In this case, the testator evidently was aware that in the absence of a testamentary disposition of his property, the petitioner would be entitled to a life estate in the realty, by

way of dower; and the several devises and bequests are made to her expressly in lieu of dower, as well as in satisfaction of all other claims on the estate. In ascertaining the duration of the estate devised, it is impossible to keep out of view the purpose for which the devise was made, and the analogy which existed in the mind of the testator between the two estates; that is, the estate created by the will, and the estate for which it was intended as a substitute. This arrangement raises a probability, at least, that the testator intended to give a life estate only.

This clause contains a bequest to the petitioner of certain personal property during her life, and of the income of other personal property during her life or widowhood; it also contains the expression of a wish to provide amply for the petitioner, but only during her widowhood. The testator had the entire disposal of his personal property, but not of his real estate; and in the absence of any motive to the contrary (and none is disclosed by the will), it is not to be presumed that the testator, while anxious to restrict the petitioner, in the enjoyment of the income from the personal property, to the period of her widowhood, intended to give her a fee in the real estate. It is much more probable, that if the testator had possessed the power, he would have imposed upon the devise of the real estate conditions similar to those which he annexed to the bequest of the income from the personal estate.

But further, it cannot be inferred from this will, that the testator was ignorant of the terms of art, which are appropriate, and frequently necessary to create an estate in fee. The first sentence of the third clause furnishes evidence to the contrary, for the farm in New Hampshire, after the death of the father and mother of the testator, is therein given to two of his sons, " to be equally divided between them, to their heirs and assigns forever; " and similar language is to be found in the sixth clause of the will. In this view, the omission of words of limitation in the devise to the petitioner is indicative of an intention to give to her an estate less than a fee.

The terms, in which the devise to the petitioner is made, are somewhat significant. This is not a devise, in terms, of one third part of the land, or of the real estate of the testator, but of the *use and improvement* of a third part. It was, indeed, contended for the petitioner that the word " use " was to be taken in its strictly legal and technical meaning. But we perceive no satisfactory reason for such a construction ; its collocation in the sentence and its connection with the term " improvement " lead to the conclusion, that both words were used by the testator in their more general and popular acceptation, and that they refer to a temporary occupancy of the land, rather than to an estate in it, coupled with the power of alienation. These words are not, ordinarily, selected to convey a permanent interest in land, nor is such their natura. import or meaning. In the case of *Barnes* v. *Porter,* 4 Pick. 204, C. J. Parker said, that " the use of the word *improvement* may have a considerable tendency to show that a fee simple was not intended to be given ; " and the same remark, we think, is applicable to the word "use," as it stands in this clause of the will. A different construction of the terms here used, in violation of the common use of the language, may sometimes be permitted, in order to give effect to the evident intent of a testator ; but after all, it is a departure from the ordinary force and effect of the terms, and to be resorted to for the purpose of promoting, not for the purpose of defeating, the apparent objects of a will. For these reasons, connected with the general design and objects of the testator, as disclosed in this will, the court are of opinion, that the petitioner is entitled to an estate for life in the premises, and not to an estate in fee.

But on the supposition that this might be the true construction of the third clause, if it stood alone, the respondents contend, that this clause is controlled by other parts of the will, and that the legal estate is thereby vested in the trustees. In support of this position, they rely principally upon the seventh clause, which is as follows : " And I do hereby authorize and empower my said trustees or the suc-

cessor of them to grant and sell the whole or any part of my estate, real or personal, with full power to execute any deed or deeds effectual in law to pass a complete title thereto, at and for such prices as they may deem proper; but the avails thereof are to be by them retained and held for the same uses and purposes as the lands or other property would be held by the trusts before created."

The trusts referred to are created by the sixth clause, and embrace " the residue and remainder " of the testator's estate, undisposed of by the preceding clauses, among which is the devise of real estate to the petitioner. There appears to be a well settled distinction between a devise of land to executors to sell, and a devise that executors shall sell, or that land shall be sold by them. A devise of the first description gives a power coupled with an interest, and the estate passes to the executors; but the latter are instances of a naked power. It has been held, and is probably the better opinion, that a devise of the land to be sold by the executors confers a power without any interest. 4 Kent, (5th Ed.) 320. And if, upon a just construction of the will, the power to sell can be held to extend to the real estate devised to the petitioner, — a point upon which we give no opinion,—still we do not perceive any necessary implication by which the legal estate is vested in the trustees. In the case of *Bradstreet* v. *Clark*, 12 Wend. 602, — an authority much relied on by the respondents, — there was a devise to the executors, in terms, as joint tenants · and the opinions of two senators in *Shaube* v. *Jackson*, 2 Wend. 1, are not very satisfactory evidence of the law, especially as one senator repudiated the ground upon which the other senator had based his opinion; and the opinions of both senators are in conflict with the doctrine of the chancellor, and the decision of the judges of the supreme court of the state. 7 Cow. 187.

It was said in the argument for the respondents, that the following provision was equivalent to a declaration that the petitioner was interested in the real estate as *cestui que trust*, viz. " In trust, in the second place, to pay over quarterly the

rent, income and interest of the said residue of my estate, including and embracing that the use whereof is devised to my wife." And if this were the whole of the provision, it would certainly countenance that view of the case, inasmuch as rent is properly incident to real, and not to personal estate. But upon a comparison of the whole clause with other parts of the will, we think that there can be no ground for the inference. The third clause gives to the petitioner the *income* of one third part of the personal estate during her widowhood, and provides that, upon her marriage, this income shall fall into the residue of the testator's estate, and shall be disposed of in the manner thereinafter to be set forth in the residuary clause. In the residuary clause, and immediately preceding the declaration above cited, the trustees are directed to pay over to the petitioner, quarterly, the income and interest of one third part of the personal estate, during the term of her widowhood; and to render the sentence, cited and commented upon by the respondents, perfect, the words " during widowhood, when the same shall fall in," are to be added. But it was contended that either the word " rent " or the words " during widowhood " must be rejected on the ground of repugnancy. In our opinion, such a construction is not necessary, or even plausible. The clause embraces " income and interest," as well as " rent; " and these terms may be taken distributively. Unexplained, the estate, the use of which was given to the wife, might be personal or real: if real estate, the rent of it was to be included, if personal, the income. By adding the words " during widowhood; " a reference to the income becomes manifest. These words were evidently added by design, and by the use of them, the meaning of the testator is rendered clear and definite, which otherwise might have been equivocal. In the judgment of the court, the trust does not extend to the real estate which was devised to the petitioner.

Another objection was made by the respondents. It was said that the power to sell embraced the estate devised to the petitioner; and as the power might be executed at any time,

it left an estate not fit for partition. Whether the power to sell extends to the estate devised to the petitioner or to the remainder, or however else it may be limited, we do not think material to the decision of the present case. If such a power exists, it does not preclude the right of partition. The petitioner is, in any view, seized of an estate which may continue during her lifetime, and, by the provisions of the statute, (Rev. Sts. *c.* 103,) is entitled to partition. If the power to sell exists, it may never be executed ; and certainly it is not to be presumed, that the trustees would sell without a due regard to the interests and convenience of the petitioner as well as of the other devisees.

The petition must be made to conform to the views of the court by an amendment, after which, judgment for partition may be entered.