*In re* HOWARD'S ESTATE.

LINTON *v.* HOWARD.

1. WITNESSES — STATUTES — TRANSACTIONS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

Where claimant filed an account as trustee of her father's estate, under the terms of a will giving her the use of his real and personal property during the lifetime of his widow, conditioned upon claimant's supporting and caring for her during her lifetime, the testimony of claimant relating to matters occurring after testator's death, but within the knowledge of the deceased widow, was admissible.

2. ESTATES OF DECEDENTS—ACCOUNTING—TRUSTS—QUESTIONS FOR JURY.

It was proper to submit to the jury, questions of fact raised by evidence in support of claimant's claim against the estate, as trustee, for expenditures and care in executing the trust, created by testator's will, which conferred upon the claimant authority to sell property if necessary to carry out its provisions.

3. SAME—TRUSTS.

The use or usufruct of a thing does not mean the thing itself, but means that the user is to enjoy, hold, occupy and have the fruit thereof. If the thing to be used is in the form of real estate, the use is its occupancy or cultivation or the rent obtainable for it; if it is money or an equivalent, generally speaking, it is the interest which it will earn.

4. SAME—CONSTRUCTION OF WILLS.

Whether or not the trustee had power to sell real estate, where it is undisputed that she did not sell it or attempt to do so, but necessarily incurred expense in excess of the income from the estate in her possession, she was entitled to recover, in any event, the amount which the jury might find she had so expended.

5. SAME—TRUSTS—TRIAL.

The claim of the trustee, presented in probate court against such estate, is properly treated, on appeal to the circuit court, as an action at law, instead of being treated as a settlement of a trustee's account, on the equity side of the court. 1 Comp. Laws, § 673, Act No. 253, Pub. Acts 1899.

Error to Calhoun; North, J. Submitted October 25, 1910. (Docket No. 103.) Decided December 7, 1910.

Carrie Linton presented a claim in probate court for the county of Calhoun, for the support and maintenance of the widow of John W. Howard, under trust provisions of his last will. Eugene Howard appealed from the allowance of the claimant's account and claim to the circuit court. Judgment for claimant; contestant brings error. Affirmed.

*Jesse M. Hatch,* for appellant.

*M. H. Nichols,* for appellee.

STONE, J. This claim originated in the probate court of Calhoun county, where the claimant, Carrie Linton, as trustee of the estate of John W. Howard, deceased, filed a claim for the support and maintenance of her mother, Sarah Howard. The claim having been allowed in the probate court, an appeal was taken by Eugene Howard, one of the heirs and legatees under his father's will, to the circuit court of said county, where the case was tried by a jury and resulted in the recovery by the claimant of the sum of $540.15. The alleged claim is founded upon the provisions of the will of John W. Howard, deceased, who died on the 29th day of January, 1896, leaving a last

will and testament, which was duly admitted to probate on the 16th day of March, 1896.

The provisions of said will pertinent to this issue are as follows: After providing for the payment of his just debts, last sickness, and funeral expenses, the will proceeds:

"(2) After which I give and bequeath to each of my ten children, the sum of $50 to be payable as soon as may be after my death, their names being as follows: Martha Launstein of Chesaning, Michigan, George Howard, Concord, Kansas, Harry Howard, Homer, Michigan, Eugene Howard, Washeugle, Washington, Louisa Launstein, Kane, Pa., Jennie C. Loomis, N. Y., Willard Howard, Falkton, Dakota, Carrie Linton, Paw Paw, Michigan, Ella Anderson, Falkton, Dakota, Frank Howard, Falkton, Dakota, but said bequest to my said daughter, Carrie Linton, is to be paid by the delivery to her of the kitchen range or cook stove, now in use in my house, but in case such range or cook stove is not owned by me, at the date of my death, then $50 shall be paid to said Carrie Linton in lieu thereof.

"(3) I hereby give and bequeath to my said daughter, Carrie Linton, the use of my real and personal estate, during the lifetime of my wife, Sarah Howard, conditioned upon her caring for, providing a home and supporting in a reasonable manner, paying her last sickness and funeral expenses, according to her condition in life, my said wife, Sarah Howard; and in carrying out said trust (supporting my said wife as aforesaid) said Carrie Linton is authorized and shall have power to use any real and personal property, out of my estate, as shall be found necessary to properly and adequately carry out and perform said trust.

"(4) To my said wife I give and bequeath the benefits that are to accrue by the performance of said trust by my daughter, Carrie Linton, and it is my intention that any sum derived from the income and use of my estate, over and above what shall be necessary to carry out said trust, during the lifetime of my said wife, shall be and remain the sole property of said Carrie Linton.

"(5) All the rest, residue and remainder of my estate, after the payment of said legacies, and the performance of the conditions of said trust, for the care of my said wife, it is my will, and I hereby, as to any residue or re-

mainder that shall then remain in my estate, give, devise, and bequeath the same to my said ten children above mentioned, share and share alike as near as may be, or as nearly as the property can be divided."

After the death of her father, the claimant, as trustee under the will, took possession of the real estate, consisting of one farm of 80 acres inventoried at $1,300, and all of the personal estate left by the testator, which latter was of little value, and proceeded to care for and maintain her mother, in accordance with the provisions of the will, down to the death of the mother, which occurred on the 19th day of October, 1908. For nearly 13 years the claimant cared for and supported her mother in a suitable manner, and paid the taxes on the farm. During the last years of her life the mother was in poor health, requiring much care and considerable medical aid. After the death of the mother, the administrator of the estate, who had not been discharged, made application to the probate court for leave to sell the real estate, for distribution. After the sale had been ordered and made, and after the administrator had asked to have his account allowed, this claim was filed. It is made up of items of expenditures, and the alleged cost or value of the care and nursing of the mother of claimant on the one hand, and the value of the use of the farm on the other hand. Upon the question of fact the controversy was as to the value of the use of the farm during the years claimant had it in possession; and there seemed to be little or no question as to the expenditures for doctor's bills and other charges.

Upon the trial it was the contention of the appellant, that from the whole will it was clear that the testator intended to give only the use of the estate to the claimant in trust, conditioned upon the care and support of his widow, and that that construction should be placed upon the will, which, if possible, would give force and effect to every clause therein; and that the words, " the use of," and, " to use," should be given their ordinary meaning. It was further contended that the claimant never intended

to make any charges for the support of her mother, and that she was to be recompensed by the use of the real estate and the personal property which she appropriated. At the close of the testimony of the claimant, the appellant moved the court for a directed verdict against the claimant for the reasons above stated, among others. This was refused, and, after offering certain evidence as to the value of the use of the farm, the case was submitted to the jury, by the circuit judge, and the following excerpt from the charge will clearly show the views of the circuit judge as to the proper construction of this will:

" I charge you, as a matter of law, gentlemen, that the intention of the testator, as drawn from the will itself, was, that his widow should be cared for in a reasonable manner; that, so far as it was sufficient, the income of the estate which the testator left should be used to do for his widow, what he himself if living would have done in the way of giving her reasonable care, support, and maintenance. The duty of this disposition of the said property is devolved by the will upon Carrie Linton, one of the testator's daughters, and the claimant here in this case, who, as you already understand from that portion of the will, was designated as trustee to carry out this trust created by Mr. Howard, and under the legal construction that must be given to this instrument, the will also gave Carrie Linton not only the right to use so much of the estate as was necessary to properly care for her mother, but it enjoined upon her, as a duty, to carry out the trust in properly and adequately caring for and supporting her mother, even to the extent of using the body of the estate, or, if necessary, even to the extent of the whole of the estate as contradistinguished from using only the income derived from the estate left by Mr. Howard; and the trustee, Mrs. Linton, was not bound to keep within the income if the same was insufficient for the purpose of carrying out the trust provided for in the will in a proper manner. If Carrie Linton, the trustee, properly and adequately carried out the trust imposed upon her by the will of her father, in caring for and supporting her mother during her mother's lifetime, and in doing so it became necessary for Mrs. Linton to perform extra services and

expend more money than the income from the farm and the personal property, which the evidence shows she received, then Mrs. Linton is entitled to be reimbursed for all the money she expended in so caring for her mother, and for all the extra time and care which she gave, or which was necessary in order to give her mother the proper care which she did give her, in so far as you find the same shown by the evidence; and also she is entitled to be reimbursed for such amounts as were paid for doctors' bills, for nursing, if any, and the expenses of sickness and funeral expenses over and above the net income from the farm and the personal property which she admits having received from the hands of the administrator of her father's estate, as all of these items to which I have called your attention would be valid claims against the estate of John Howard, under the terms of the will from which I have just quoted."

The appellant brings the case here upon writ of error and assigns error:

(1) That the court erred in permitting claimant to testify to matters equally within the knowledge of John W. Howard and Sarah Howard, both being deceased.

(2) Because the court erred in not directing a verdict for appellant on the motion made by his attorney at the close of claimant's proofs.

(3) That the court erred in construing the will of John W. Howard, deceased, and in holding that said will gave to claimant as trustee more than the use of the real estate.

(4) The court erred in construing the will of John W. Howard, deceased, and in holding that it passed the whole of the real estate to the claimant, if the same was necessary, to properly support her mother.

(5) Alleged error in treating the case as a suit at law, and in submitting the same to the jury.

1. Referring to the first assignment of error, it must be held that an examination of the record fails to disclose any testimony of claimant, relating to matters that were equally within the knowledge of John W. Howard, the testator. Her testimony relates solely to matters arising after his death. We do not think that the statute applies to matters equally within the knowledge of the deceased mother, Sarah Howard.

2. We are of the opinion that there were questions of fact for the jury to consider, and that the circuit judge did not err in refusing to take the case from them.

3, 4. The third and fourth assignments of error may be considered together. Undoubtedly the general rule is that the use, or usufruct of a thing, does not mean the thing itself, but means that the user is to enjoy, hold, occupy, and have the fruit thereof. If the thing to be used is in the form or shape of real estate, the use thereof is its occupancy, or cultivation, etc., or the rent which can be obtained for the same. If it is money or its equivalent, generally speaking, it is the interest which it will earn. 29 Am. & Eng. Enc. Law (2d Ed.), p. 444. The term "use of" has, in some cases in this court, been held to be ambiguous. *Proctor* v. *Robinson*, 35 Mich. 284; *Patterson* v. *Stewart*, 38 Mich. 402.

In any view of this case, it is not necessary to decide whether the claimant had the power under the will to sell the real estate, in any event. The fact is undisputed that she did not sell it, or attempt to sell it. She cared for it, and paid the taxes assessed thereon, and saved it to the estate. The primary object of the testator, in so far as Sarah Howard was concerned, was, that she should have reasonable care and support, in sickness and in health, "according to her condition in life." This care and support was committed to the claimant, who was authorized to use the property belonging to the estate for that purpose, "as shall be found necessary to properly and adequately carry out and perform said trust." The proper care and support of his widow, and not the creating of a life estate, seems to have been the purpose of the testator. If in carrying out this object and purpose the claimant found it necessary to incur more expense, and pay out more money than she received from the reasonable use and income of the property placed in her possession, then it would seem just that she should be reimbursed out of the said estate to the extent of such excess. That seems to be just what the claimant is seeking here to do, and

with that end in view, she has filed this claim against the estate as a creditor thereof.

So it appears to us that, in any view of the case, the circuit judge did not err in submitting the question of claimant's right to recover, and the amount of such recovery to the jury, whether he correctly construed the will or not. If he did not, it was error without prejudice, if they found, as they must have found, that she necessarily expended, and became liable for, " more money than the income from the farm, and the personal property which the evidence shows she received " were worth. We find no reversible error here.

5. Did the court err in treating the case as a suit at law, and in submitting it to a jury? Appellant's counsel contends that trusts belong to the jurisdiction of equity, and that this was the settlement of a trustee's account. We do not think that the case presented the ordinary settlement of a trustee's account, or that the cases cited by counsel relating to the ordinary settlement of a guardian's account for services, as such, apply here. It is a claim filed in the probate court against the estate for the support of the widow of the deceased; the estate having been by the will charged with her support. It presented the usual questions of fact, which were properly submitted to a jury. *Mower's Appeal*, 48 Mich. 441 (12 N. W. 646). The issue was whether or not the claimant had expended more than the income of the farm, which was turned over to her under the terms of the will, in the care of her mother, and, if so, how much. The issue was made on the account filed in the probate court, and, on the trial of the appeal in the circuit court, the claimant was entitled to a trial by jury. Section 673, 1 Comp. Laws, and cases cited in note to section; *Grovier* v. *Hall*, 23 Mich. 7.

Even if the case be treated as falling within the provisions of Act No. 253 of the Public Acts of 1899, relating to testamentary trusts, the right to settle the account in the probate court remains, and section 42 of the act expressly provides for an appeal, in the following language:

"The decree of the probate court upon the settlement of the account of any testamentary trustee, as herein provided, or any other order or decree of the probate court, made pursuant to any provision of this act, may be appealed from in the manner provided by law for appeals from other orders, sentences, decrees, or denials of a judge of probate, and the like proceedings shall be had upon such appeal," etc.

See *Cole* v. *Cole's Estate*, 125 Mich. 655 (85 N. W. 113).

The judgment of the circuit court is affirmed.

BIRD, C. J., and OSTRANDER, HOOKER, and MOORE, JJ., concurred.