No. 23,386.

DERINDA ELWELL, *Appellee*, v. CLYDE STEWART, as Executor of the Estate of HETTIE H. CULP, Deceased, *Appellant*.

SYLLABUS BY THE COURT.

WILL—*Bequest in Trust—Interpretation of Will—Beneficiary Entitled to Net Income of Property.* Under a will giving the testatrix's property to a trustee for the use and benefit of her mother during her life and directing the trustee to sell so much of it as he might deem necessary for her care and maintenance, the mother is to receive the whole of the net income of the property, although it is more than sufficient for her support.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed January 7, 1922. Affirmed.

*Edward T. Riling, John J. Riling,* both of Lawrence, and *S. D. Scott,* of Olathe, for the appellant.

*J. W. Parker,* and *G. A. Roberds,* both of Olathe, for the appellee.

The opinion of the court was delivered by

Mason, J.: Hettie H. Culp died testate leaving all her property to Clyde Stewart, the executor, in trust for the use of her mother, Derinda Elwell, during her life, any of the property remaining in his hands at her death to go to his two daughters. Mrs. Elwell brings this action for the construction of the will for the purpose of determining whether she is entitled to all the net income of the estate or only to so much as is necessary for her support. The trial court adopted the former interpretation and the executor appeals.

The only paragraph of the will requiring consideration reads as follows:

"I give, devise and bequeath to Clyde Stewart, of Baldwin City, Kansas, all of my property, real, personal and mixed, whatsoever and wheresoever located, and all property or interest in property or estate to which I may be entitled, in trust however for the use and benefit of my mother, Derinda Elwell, during her natural life, and I do hereby direct my said trustee to sell and dispose of any or all of such said property as he may deem necessary for the care and maintenance of my said mother, in the event that the income from my said estate shall not be sufficient for such purpose. Upon the death of my mother in the event that any property should remain in the hands of my said trustee undisposed of by him, I give, devise and bequeath all of said property or estate to Beulah Helen Stewart and Ethelyn Blondell Stewart the daughters of said Clyde Stewart, as their sole and separate property, share and share alike."

In support of the theory of the executor it is argued that a consideration of the entire paragraph reveals the testatrix' purpose to have been to provide for her mother's care and maintenance, the trustee to determine what and how much was necessary to that end. We cannot agree to this conclusion. As we read the will, the property being held in trust for the "use and benefit" of the plaintiff, she is entitled either to its actual possession and enjoyment, or to what it earns. "As a general rule the use of a thing does not mean the thing itself, but means that the user is to enjoy, hold, occupy, or have in some manner the benefit thereof. If the thing to be used is in the form or shape of real estate, the use thereof is its occupancy or cultivation, etc., or the rent which can be obtained for its use. If it is money or its equivalent, generally speaking, it is the interest which it will earn." (29 A. & E. Encycl. of L., 444; see, also, 39 Cyc. 845.) All the property is shown to be in the possession of the trustee, whose duty as in *Grossenbacher v. Spring*, 108 Kan. 397,

195 Pac. 884, is to so manage it that it will produce a net income, which is to be turned over to the plaintiff. Should this prove insufficient for her care and maintenance he is further required to sell so much of the property as he may deem necessary to make up the deficiency. If the income is more than enough for the purpose the remainder is at her absolute disposal—it is a part of the present use and benefit of the property disposed of by the will.

·It has been held that where a sum of money was given to a legatee for his use during his life, to go to others at his death, he acquired a right to spend so much of the principal as he deemed proper for his own use, but not to dispose of any of it by gift. (*Hardy v. Mayhew*, 158 Cal. 95.) No question was raised, however, as to his right to dispose of all the earnings—the income of the legacy—as he saw fit. Many cases are reported turning upon the right of one holding a life interest in property under various testamentary provisions to dispose of a part of the principal, but they throw little light upon the power to dispose of the income in such a situation as the present.

The judgment is affirmed.