# Richmond.

## LARKIN F. BRISTOW, ET ALS, V. BURKE BRISTOW, ET ALS.

### January 17, 1924.

1. WILLS—*Estates—Jus Disponendi.*—Since the case of *May* v. *Joynes*, 20 Gratt. (61 Va.) 692, and until modified by statute, now section 5147 of the Code of 1919 (which is inapplicable to the instant case because the will in question became effective before the statute became operative), it has been consistently held that, even though there be a devise for life, nevertheless, if the first taker is either expressly or impliedly empowered to dispose of the principal or *corpus* of the estate, there is a fee simple or absolute estate in the first taker, and this because such absolute power to dispose of the property is inconsistent with any limitation upon the estate.

2. WILLS—*Jus Disponendi—Use of the Property—Case at Bar.*—In the instant case testator gave all of his real and personal estate to his widow "to use as she pleases during her life."

   *Held:* That the widow took only a life estate, as the word "use" does not in its ordinary meaning import any power of disposition of the *corpus* referred to, but the contrary.

Appeal from a decree of the Circuit Court of Middlesex county. Judgment for complainant. Defendants appeal.

*Affirmed.*

The opinion states the case.

*W. D. Evans* and *F. P. Eastman*, for the appellants.

*Lewis & Sutton*, for the appellees.

PRENTIS, J., delivered the opinion of the court.

Joseph A. Bristow died April 30, 1903, and left sur-viving him his widow, Bettie L. Bristow, who died August 31, 1919, and ten children as his heirs at law. Two of these were children of his first wife, were the complainants below and are the appellees here, while the defendants below and the appellants are the other eight children of his second wife, Bettie L. Bristow.

His will reads thus: "Knowing the uncertainty of life and the certainty of death, and desiring to make some disposition of what property I have so that it will do my little ones most good, I make this my last will and testament. I give to my wife, Bettie L. Bristow, all of my real and personal estate, after paying what money I owe, to use as she pleases during her life and while she remains my widow, and ask the court to allow her to qualify as my administratrix without security."

His widow, under this will, took possession of his property, and after her death this suit for partition was instituted by the two older against the other eight younger children.

The defendants, who are the appellants here, an-swered the bill and claimed "that by the terms of the aforesaid will Bettie L. Bristow took a fee simple title to all of the real estate and personal property of which the said Joseph A. Bristow died seized and possessed," and that they inherited the entire estate upon the death of their mother, and consequently that the appellees, the two children of Bristow's first wife, had no interest therein. Upon the issue thus raised the court held that Bettie L. Bristow took only an estate for life, or during widowhood, in the property, that she did not acquire, by virtue of the will, a fee simple interest therein, and directed partition between the ten children and heirs at law of Joseph A. Bristow. It is from this decree that this appeal is taken.

[1] The question thus raised has been so frequently considered by this court, and so fully discussed, in the two recent cases of *Conrad* v. *Conrad's Executor*, 123 Va. 711, 97 S. E. 336, and *Davis* v. *Kendall*, 130 Va. 175, 107 S. E. 751, that any extended additional discussion is unnecessary. Since the case of *May* v. *Joynes*, 20 Gratt. (61 Va.) 692, and until modified by statute, now Code section 5147 (which is inapplicable in this case because the will became effective before the statute became operative), it has been consistently held that even though there be a devise for life, nevertheless if the first taker is either expressly or impliedly empowered to dispose of the principal or *corpus* of the estate, there is a fee simple or absolute estate in the first taker, and this because such absolute power to dispose of the property is inconsistent with any limitation upon the estate.

[2] In this will it is observed that Bettie L. Bristow is only empowered to use the estate "as she pleases during her life and while she remains my widow." The word "use" in connection with such a devise or bequest, where there is an absence of any words indicating the express or implied power to use the principal, has been recently construed in *Hurt* v. *Hurt*, 121 Va. 413, 93 S. E. 672, and in holding that the rule of *May* v. *Joynes, supra,* did not apply there, this is said: "Now with respect to the personal estate to be left in the possession of the wife for 'her use.' The word 'use' does not in its ordinary meaning import any power of disposition of the *corpus* referred to—the *jus disponendi* of the *corpus* —but the contrary; indeed, only the right to use and enjoy the benefit of the *corpus* is implied by the word 'use.' *In re Moore's Estate*, 163 Mich. 353, 128 N. W. 199. The only proper 'use' to which the intangible personal estate could be put by the wife would be to enjoy the income from it."

In *Johns* v. *Johns*, 86 Va. 333, 10 S. E. 2, it was held that the wife took only a life estate under a clause in the will which reads, "I will and desire that my wife, Rebecca, shall have and hold all my estate during her natural life, for the benefit of herself and children, to be used as she may think proper."

It is observed how very closely this language approximates the language of the Bristow will, and for the reasons indicated the construction should be the same.

The trial court properly held that this will did not devise a fee simple estate to Bettie L. Bristow, but that she was given the right to control the property and to use the profits and income thereof freely during her natural life, or until she married, and this marked the limit of her interest therein.   We find no word or suggestion in the will indicating that she had any greater title than that so clearly expressed therein, and nothing from which it can be implied that she had any power to dispose of the *corpus* of the property.

It follows, therefore, that we agree with the trial court that upon her death it descended to the ten children of Joseph A. Bristow as his heirs at law.

*Affirmed.*