INLAND AMERICAN YACHT CLUB v. COUNTRY CLUB OF DETROIT.

Trusts—Use of Trust Fund—Trustee May be Reimbursed From Trust Fund.

> Where money was given in trust to Country Club to be used for yachting purposes, and club expended money in excess of amount of gift for said purpose, it was proper for it to reimburse its general or surplus fund by charging into it said special gift fund.

Appeal from Wayne; Perkins (Willis B.), J., presiding. Submitted April 7, 1932. (Docket No. 34, Calendar No. 36,359.) Decided June 6, 1932.

Assumpsit by Inland American Yacht Club, a voluntary association, and another against Country Club of Detroit, a Michigan corporation, for breach of condition of a trust of money. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Robert M. Brownson* (*Kenneth Murray,* of counsel), for plaintiffs.

*Beaumont, Smith & Harris,* for defendant.

CLARK, C. J.  Inland American Yacht Club, a voluntary association, in 1908, was near the end of its active existence and had nearly $4,000 on hand. Many of its members were also members of defendant Country Club of Detroit, a corporation.  The Yacht Club gave the sum to the Country Club to be used for yachting purposes, and it was so accepted. The item was carried on the books of the Country Club as a separate account and so continued without change until 1918, when it was charged into surplus or general account.  Because of the investments of funds of the Country Club, it was still possible, in 1929, to trace the fund in question and to identify an investment as from the fund.  Some color was afforded to the claim that the fund had not been used for yachting purposes, so plaintiff Truman H. Newberry, a former member of the Yacht Club, began this suit in his own name, and, as a few surviving members of such club also favored action, the suit is brought in the name of the Yacht Club.

The theory of recovery in this action of law is breach of condition.  Defendant proved to the satisfaction of the trial court that, prior to 1918, when the account was charged off, it had expended for yachting purposes, being repair and maintenance of dock, boats, attendants, etc., more than the amount of the gift.

Defendant prevailed in a trial without a jury. Plaintiffs have appealed.

As we approve the finding on the merits by the trial judge, we pass the questions of plaintiffs' right to bring suit and of statute of limitations.

Defendant may not have expended the very dollars of the gift for yachting purposes, but it expended

many dollars for such purposes, the total of which was and is far in excess of the amount of the gift, and it 'was proper to reimburse the general or surplus fund by charging into it the special gift fund. *In re Howard's Estate,* 163 Mich. 556; 2 Perry on Trusts (4th Ed.), § 485.

We have considered fully the points made by appellants, and think further discussion unnecessary. The decision of the trial judge is right in fact and in law.

Affirmed.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.