McALLISTER et al. v. LONG et al.

No. 34386.    July 2, 1952.

*246 P. 2d 352.*

Herman S. Davis, Mangum, for plaintiffs in error.

Joe W. Whitten and Whitten & Whitten, Oklahoma City, for defendants in error.

PER CURIAM. Charles A. McAllister, a resident of Greer county, Oklahoma, died testate on the 21st day of April, 1945. The last will of said testator was executed on the 25th day of November, 1944. Letters of administration with will annexed were issued to Roy B. McAllister, a son of the deceased, on the 14th day of September, 1948, by the county court of Greer county, Oklahoma.

The general inventory and appraisal filed in said cause listed several farms aggregating 450 acres appraised at $12,500.

The main question to be determined in this appeal is whether the will under consideration devised a life estate to Fannie M. McAllister, the widow of said deceased, with remainder over to the seven living children of the deceased, or devised a fee-simple title to said widow.

The provisions of said will pertinent to this litigation are as follows:

"Second. I give and devise all the rest and residue of my property, real and personal, of every kind and character and wherever located or situated, whether vested or contingent, at the time of my death to my beloved wife, Fannie M. McAllister, to be used by her in any manner that she may deem fit and proper during her lifetime, and at the time of her death, it is my wish and desire that said property be divided between my beloved children, that is sons and daughters, as follows, to-wit:" (Naming sons and daughters, 1/7 each.)

"Third, It is my desire, and I hereby direct that in the event that if either of my sons or daughters named in this will should depart this life before I do, that the interest as set out herein opposite their name, shall pass and be divided in equal shares among their children."

It has long been the rule in Oklahoma that the primary consideration in construing wills is to ascertain the intention of the testator in making the same, and that this intent must be ascertained by the language employed in

624

the will. Noble v. Noble, 205 Okla. 91, 235 P. 2d 670.

That rule was well stated in the case of Malone v. Herndon, 197 Okla. 26, 168 P. 2d 272, as follows:

"The cardinal rule of construction is to ascertain, if possible, the intent of the testator, and where his intention cannot have effect to its full extent, it must have effect as far as possible. 84 O.S. 1941 §151. And in case of uncertainty arising upon the face of the will as to the application of any of its special provisions, the testator's intention is to be ascertained from the words of the will, taking into view the circumstances under which it was made. 84 O.S. 1941 §152. The intent must be ascertained from the entire instrument. Porter v. Porter, 97 Okla. 231, 222 P. 971; 69 C. J. 104; 28 R. C. L. 220. And it will be held valid whenever possible. 21 R. C. L. 295; 329. It is also important to observe that the intention of the testator need not be declared in express terms in the will, but it is sufficient if it can be clearly inferred from the particular provisions. 28 R.C.L. 218, par. 177."

84 O.S. 1951 §159 provides:

"Words to be given effect if possible. The words of the will are to receive an interpretation which will give to every expression some effect rather than one which shall render any of the expressions inoperative."

If the second paragraph of said will had been concluded and ended with the words, "during her lifetime," there could be no contention but that the testator intended to and did devise to his widow a life estate only in said real and personal property "to be used by her in any manner she deems fit and proper during her lifetime." Does the expression "at the time of her death it is my wish and desire that said property be divided between my beloved children, that is sons and daughters," as stated in the said paragraph of said will above set out, convert the life estate of the widow into a fee-simple title? We think not. Even if the expression "wish and desire" was given the meaning insisted upon by the plaintiff in error, still it would not vest in the widow a greater interest than a life estate in said property; or, had the words "wish and desire" of testator been ignored, the designated beneficiaries would have nevertheless received said estate, but as heirs instead of beneficiaries named in the will.

Considering the will as a whole, giving significance to every paragraph and expression thereof, and taking into consideration the circumstances under which it was made, we are convinced that the testator intended "wish and desire" as used in the second paragraph of said will to mean the same as "it is my desire and I hereby direct" used in the third paragraph of the will. Had the words "wish and desire" as used in the will been meaningless, or at least nothing more than a mere whim or hope, the testator would not have directed in the third paragraph thereof that in the event of the contingencies mentioned therein that the interest of any son or daughter who should depart this life before the testator "should pass and be divided into equal shares among their children."

We cannot agree with the contention of the plaintiffs in error that the will gives the widow full and complete power and authority to make any disposition of said property which she might desire. A reading of the will discloses no authority whatever to sell or dispose of said property or to do other than use it as she may deem fit and proper, during her lifetime. Use cannot be construed to mean to dispose of.

In Elwell v. Stewart, 110 Kan. 218, 203 P. 922, the court held:

"'As a general rule, the use of a thing does not mean the thing itself, but means that the user is to enjoy, hold, occupy or have in some manner the benefit thereof. If the thing to be used is in the form or shape of real estate, the use thereof is its occupancy or cultivation, etc., or the rent which

can be obtained for its use. If it is money or its equivalent, generally speaking, it is the interest which it will earn.' 29 A. & E. Encyc. of Law, 444."

In Rice v. Fields, 192 Ky. 161, 232 S. W. 385, the Kentucky court held:

"A devise of personal and real property to testator's wife to be held and controlled and used by her for any purpose she may see fit during her natural life, and after her death whatever remained to be distributed among testator's heirs, gives the wife only a life estate in the real property, since the word 'hold' means to retain in one's keeping, to maintain possession of or authority over, 'control' means to exercise restraint or influence over, and 'use' means to make use of, to convert to one's service, to avail one's self of, to employ, and the implication by the gift of the remainder that the widow might consume or dispose of a part of the estate refers to the personal property susceptible to destruction by use."

These decisions are supported by numerous others, including Mead v. Welch (9th Cir.) 95 Fed. 2d 617, 619; Love v. Walker, 59 Ore. 95, 115 P. 296; In re Moor's Estate, 163 Mich. 353, 128 N.W. 198; Bristow v. Bristow, 138 Va. 67, 120 S.E. 859; Hurt v. Hurt, 121 Va. 413, 93 S.E. 672; Galloway v. Sewell, 162 Ark. 627, 258 S.W. 655; Linton v. Howard, 163 Mich. 556, 128 N.W. 793; West Haven Bank v. McCoy, 117 Conn. 489, 169 Atl. 49; and Fay v. Fay, 55 Mass. 93.

Title 84, §152, O.S. 1951, lays down the rule for ascertaining the intention of the testator in case of uncertainty as follows:

"In case of uncertainty, arising upon the face of a will, as to the application of any of its provisions, the testator's intention is to be ascertained from the words of the will, taking into view the circumstances under which it was made, exclusive of his oral declarations."

The testator and his wife were elderly persons, each approximately 80 years of age. They had occupied the land involved herein, had used same for farming and cattle raising. They had been able to support and educate their family with the proceeds of said land. The deceased must have felt that by giving the widow a life estate with the privilege of using the estate as she saw fit, that he was making ample provisions for her support.

It is also obvious that he felt it unwise and was unwilling to trust the judgment of the widow to determine the wisdom of selling said farms with the attendant risk of being defrauded out of the proceeds thereof. We are impressed with the wisdom displayed in the making of the will.

The will of said decedent devised to said widow a life estate with remainder over to the sons and daughters named therein.

The administrator with will annexed should be required to make and submit to the county court a full and complete inventory of all money and personal property belonging to said decedent at the time of his death, and all money and personal property that has since come into his hands as such administrator with will annexed.

The judgment of the district court is affirmed.

This court acknowledges the services of Attorneys Eldon J. Dick, Harry L. Dyer and James B. Diggs, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

HALLEY, V. C. J., and WELCH, CORN, DAVISON, JOHNSON, and O'-NEAL, JJ., concur.