Robinson, J.
Plaintiffs in error make three questions :
1. Whether under Section 5838, General Code, the owner of a dog that chases, worries, injures or kills a person is liable to the person so damaged, or his estate, for the injury done, in the absence of negligence on the part of the owner in the keeping of the dog.
*78 2. Whether the trial court in an action for unliquidated damages, where the nature of the case precludes the jury from arriving at the amount of the verdict wholly by a mathematical computation, may, upon finding the damages assessed to be excessive, order a remittitur of the excess as a condition precedent to the overruling of the motion for a new trftil, and upon the remittitur being made enter judgment for the amount of the verdict less the remittitur; or whether the court in such case must grant a new trial.
3. Whether a charge by the trial court to the jury in the following language, “In case you find for the plaintiff, you will then consider the question of damages, and in this connection, if you find for the plaintiff, you should take into consideration the natures and extent of the injuries, whether or not such injuries are permanent, the pain and suffering which the plaintiff has endured, if any, and award him such damages as you believe from the evidence he is entitled, ’ ’ is so prejudicially erroneous as to require a reversal, for the reason that it does not sufficiently limit to compensatory damages the damages which the jury may assess.
This court had under consideration the provisions of Section 5838, General Code, in the case of Kleybolte v. Buffon, 89 Ohio St., 61. That was a case where the plaintiff had been bitten by the dog of the defendant, and upon the trial the court permitted evidence to go to the jury that the dog had bitten other persons prior thereto, and that defendant had knowledge of that fact and with such knowledge had permitted the dog to run at large without a muzzle, and charged the jury that the mere ownership of the dog which inflicted the injury rendered the own *79 er liable, and that knowledge of its vicious propensities was unnecessary; that the only questions for determination by the jury were whether plaintiff was bitten by the dog owned by the defendant and if so the amount of the damages. That court, however, further charged that in considering the question of damages the jury were to take into consideration the evidence tending to show scienter, as matter in aggravation of plaintiff’s damages. Upon that state of facts this court reversed the judgment because the charge of the court warranted the jury in awarding punitive damages in addition to conipensatory damages, and held: “In such an action, evidence tending to show the dog had bitten another person prior to the time that the plaintiff was bitten, and that defendant had knowledge thereof, is inadmissible.”
The effect of that decision is to hold the owner or harborer of a dog liable, under Section 5838, General Code, for all damages occasioned to a person who is chased, worried, injured, or killed by such dog, and the necessary elements to establish such liability are. the ownership of the dog and the injury sustained because of the dog.
Applying that doctrine to the instant case it was only necessary for the plaintiff to prove that the defendant was the owner of the dog, that the dog chased or worried plaintiff, that as a proximate result of such chasing or worrying plaintiff was injured, and the extent of the injury sustained.
In other jurisdictions similar statutes have had a similar* interpretation. Tasker v. Arey, 114 Me., 551; Williams v. Brennan, 213 Mass., 28; Malafronte v. Miloni, 35 R. I., 225, and Jenkinson v. Coggins, 123 Mich., 7.
*80 We adhere to the interpretation of Section 5838, General Code, as declared in the case of Kleybolte v. Buffon, supra.
Upon the question of remittitur of the excess of an excessive verdict, this court in the case of Pendleton St. Rd. Co. v. Rahmann, 22 Ohio St., 446, declared: “Where the damages assessed by a jury are excessive, but not in a degree to necessarily imply the influence of passion or prejudice in their finding, the court, in the exercise of a sound discretion, may make the remittitur of the excess the condition of refusing to grant a new trial.” That was a case for personal injury where necessarily the amount of the verdict could not be arrived at wholly by a mathematical computation, but was the result of the composite opinion of a jury.
In the case of C. & M. Rd. Co. v. Himrod Furnace Co., 37 Ohio St., 434, this court again declared: “The court may, where it can be done, ascertain from the evidence the amount of such excess, and may, on a remittitur of the same being entered, affirm the judgment as modified.” That was a case grounded upon contract and the amount of the verdict was dependent upon the proof of payment of certain definite sums, and the duty of the jury in arriving at the amount of the verdict was, after having determined that the payments had been proven, to ascertain the amount of the verdict by a more or less accurate mathematical calculation. It probably is not an authority for a remittitur, such as here made.
However, the case of Pendleton St. Rd. Co. v. Rahmann, supra, has been extensively followed by the trial courts of this state, and this court, in the case of Ohio Traction Co. v. Shearer, 97 Ohio St., *81 332, affirmed the judgment on the authority of that case. And, as recently as the ease of Schendel v. Bradford, Admr., 106 Ohio St., 387, which was an action for the wrongful death of a boy six years of age, this court held: “Where a reviewing court finds the verdict excessive, and that a judgment entered for the balance after remittitur of a part of the amount thereof is also excessive, it becomes the duty of the court, if further remittitur is not required and consented to, to remand the cause for new trial,” and were it not for the case of Toledo Railways & Light Co. v. Paulin, 93 Ohio St., 396, wherein this court held, “A reviewing court, upon finding that the verdict of a jury assessing damages for personal injury is such in amount that it is not supported by the weight of the evidence, and therefore excessive, may remand the cause for a new trial, but is not authorized upon such ground to modify the judgment,” it might be said that the power of the court to order a remittitur as a condition precedent to entering judgment upon the verdict is the settled law of Ohio; but, since this court neither saw fit to overrule the cases of Pendleton St. Rd. Co. v. Rahmann, supra, and C. & M. Rd. Co. v. Himrod Furnace Co., supra, in the case of Toledo Railways & Light Co. v. Paulin, supra, nor to overrule Toledo Railways Light Co. v. Paulin, supra, in the case of Ohio Traction Co. v. Shearer, supra, or in the case of Schendel v. Bradford, supra, we can go no further than to say that the greater weight of authority in Ohio is to the effect that either the trial court, or the court of appeals, may order a remittitur as a condition precedent to entering judgment upon the verdict.
*82 The weight of authority in other jurisdictions seems to support the doctrine of the case of Pendleton St. Rd. Co. v. Rahmann, supra.
In 20 Ruling Case Law, at page 316, Section 100, the author states his conclusions as to the weight of authority, as follows:
“But where there is no legal measure or standard for fixing the amount of recovery, there is quite a contrariety of opinion as to the right to exercise this power. In some jurisdictions a new trial must be granted unconditionally in such a case, and it is error to make it conditional upon reducing the amount of the verdict. [Citing cases from Georgia, South Dakota, West ‘Virginia, and English cases.] '* * * In other jurisdictions it is the practice to permit a remittitur where the verdict is excessive whether the excess is susceptible of computation or not, and this is the more general rule.” (Citing cases from Illinois, Indiana, Iowa, Michigan, Minnesota, Missouri, Tennessee, Washington, Wisconsin and the United States Supreme Court.)
The majority of this court adhere to the doctrine announced in the case of Pendleton St. Rd. Co. v. Rahmann, supra.
The remaining question is whether the charge of the trial court was erroneous. The court limited the amount of damages to the “natures and extent of the injuries, whether or not such injuries are permanent, the pain and suffering which the plaintiff has endured, if any,” and instructed the jury to “award him such damages as you believe from the evidence he is entitled.”
It will be observed that the court failed to use the word “compensation” in connection with the amount *83 of the damages which might be awarded, but did limit the award to the extent of the injuries, pain and suffering of plaintiff which the evidence disclosed. There is nothing in the charge which would warrant the jury in attempting to do other than make plaintiff whole, and the amount of the verdict in view of the extent of the injury was such that it is doubtful whether a reviewing court would have disturbed the original verdict. In such situation a court will not assume, in the face of a record which refutes the assumption, that the party complaining has been prejudiced by the omission of the court to use in his charge the most appropriate language. While we do not commend the language of this charge in that respect, yet the charge as given would seem to us to convey to the minds of the jurors no other impression than that of compensation for injuries sustained, pain and suffering.
We find no prejudicial error and the judgment of the court of appeals is affirmed.

Judgment affirmed.

Wanamaker, Jones, Day and Allen, JJ., concur.
Marshall, C. J., concurs in proposition 1 of the syllabus but not in the judgment.
Matthias, J., concurs in propositions 1 and 3 of the syllabus, but not in the judgment.