### Rice, et al. v. Fields, et al.

(Decided June 24, 1921.)

Appeal from Daviess Circuit Court.

Wills.—A devise to a wife of property to be held and controlled by her for any purpose she may see fit during her natural life, and at her death to be distributed among devisor's heirs, did not invest her with power to convey the fee, but only with power to use the property during her life.

G. H. CARY and T. F. BIRKHEAD for appellants.

LOUIS I. IGLEHEART for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

George Smith, of McLean county, made his last will in 1904 and died in 1911, leaving a widow and four children. His will, which was duly probated, reads as follows:

"I, George Smith, of Livermore, McLean county, Ky., being of sound mind do hereby make my last will and testament in manner and form as follows:

"First. I desire to bequeath to my wife Amanda Smith (after my funeral expenses and all other just obligations are paid) all of my property both personal and real of whatever kind to be held and controlled by her and used by her for any purpose that she may see fit, during her natural lifetime, after her death, I desire that

whatever may remain of my estate to be distributed equally among my heirs.

"Lastly. I do hereby constitute and appoint my wife, Amanda Smith, my executrix without bond by this my last will and testament.

"In testimony whereof I have hereunto set my hand, this the 10th day of November, 1904.

"GEORGE SMITH.

"W. E. RENDER,
"C. W. THOMASON."

He owned a lot or parcel of land which the widow, Amanda Smith, claiming to be the owner in fee under the will, undertook to convey by deed to appellee, J. B. Fields, in February, 1916. Soon thereafter Amanda Smith died and the heirs of George Smith brought this action against Fields to recover the lot which the widow sold and conveyed Fields on the grounds that she had only a life estate in the real property of George Smith under the will and not a fee.

The chancellor denied the relief sought by the Smith heirs and dismissed the petition, and they appeal. Did the widow Amanda Smith take a fee to the real property belonging to the estate of George Smith deceased, under and by virtue of the terms of the will of George Smith, or did she take only a life estate therein with the right to hold, control and use same? If she took a fee then appellee Fields has a perfect title to the lot under her deed and the judgment of the lower court must be affirmed, but if she took only a life estate, as contended by appellants, the judgment must be reversed; she could not convey a greater estate than she received.

What did the testator George Smith mean by that part of the first clause of his will in which he said: "I desire to bequeath to my wife Amanda Smith . . . all my property both personal and real of whatsoever kind to be held and controlled by her and used by her for any purpose she may see fit, during her natural lifetime, and after her death I desire that whatever may remain of my estate be distributed equally among my heirs?" The last part of this clause, "whatsoever may remain of my estate," would seem to indicate that the testator intended the widow to consume or dispose of a part or all of the estate; but this no doubt had reference to the personal property which was susceptible of destruction by use and to live stock which might die during the continuance of the particular estate. He gave his widow all of

his property during her life for the following purposes only: (1) to be held by her, (2) to be controlled by her, and (3) to be used by her. He gave her no express power to sell or give the property to another, and she could not do so unless this power was conferred by the three words, *"hold, control and use,"* employed in the testamentary paper. Webster's New International Dictionary defines the word "hold" as follows: "To retain in one's keeping; to maintain possession of or authority over; not to give up or relinquish."

The same authority defines the word "control:" "To exercise restraint or deciding influence over; to dominate; regulate; to hold from action; to curb; subject or over power," and the word "use" is defined in the same book as follows: "To make use of; to convert to one's service; to avail one's self of; to employ; as to use a plow, a chair, a book." It will therefore readily be observed that the words employed by the testator did not invest the widow with power of disposition of the property, either by sale or otherwise, than such as might incidentally appertain to a reasonable and free use of the property during her natural life. She did not take a fee in the real property but only a life estate, with the right and power to hold, control and use the same, and at her death the title passed to and vested in the appellants, heirs at law of George Smith.

The cases relied upon by appellee do not support a different construction. In the case of Dorsey v. Smith, 170 Ky. 275, the language of the will was: "To have and to hold and enjoy as she may wish." There the devisee was given the property to have and to hold; an absolute estate, no limitation whatever. It was not for life merely, nor was it only to "enjoy as she may wish" during her life. The will in that case was properly construed to give the devisee a fee.

In the case of Martin v. Barnhill, 21 R. 1616, the will read: "To have and to hold and to dispose of as her own property as long as she may live and after her death to be equally divided among my children or their legal representatives." There the devisee was given the right and power "to dispose of as her own property," which was an unlimited power of disposition, and her sale and conveyance was as absolute as if it had been her property without reference to a devise.

The facts of all the cases cited and relied upon by appellee as authority to support the construction given the

will by the trial court are very different from the case under consideration and give the devisee power to dispose of the devise, not merely to hold, control and use the same during the life of the devisee.

It follows, therefore, that the trial court erred in dismissing plaintiffs' petition and adjudging Fields the owner of the lot involved.

Judgment reversed for proceedings consistent with this opinion.