## Hopkins et al. v. Howard's Executrix.

(Decided Dec. 18, 1936.)

CHARLES B. SPICER for appellants.

J. S. FORESTER, J. G. FORESTER and POPE & BAKER for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

Henry Howard, a resident of Harlan county, died testate in February, 1931, and left surviving a widow, Elizabeth Howard. Mr. and Mrs. Howard had no children except an adopted daughter. His will, omitting the formal parts, and in so far as pertinent, reads:

"I will to my wife, Elizabeth Howard, all of my real estate and give her the right to sell and dispose of same and use the proceeds of the sale as she pleases, except she is to have the use of the home place where I reside on Wallins Creek, Harlan County, Kentucky, and the tract of land on the head of the branch that runs into Wallins Creek near where I live, which tract of land is above and adjoins E. Brock and Sara Brock's land—this home place and This tract of land I desire my sister, Lucinda Hopkins to have after the death of my wife, my wife to have the use of same while she lives.

"I will to my wife, Elizabeth Howard, all of my personal property of every kind for her use and control during her life, and at her death I will the following persons the following sums: * * *"

(Here follows bequests of $5,000 to his adopted daughter, Gladys Shelly, and $3,000 to Bobby Shelly, Jr., and bequests to sisters, nieces, and nephews in various sums.)

After providing for the payment of testator's indebtedness, the will further provides:

"I hereby appoint and designate my wife, Elizabeth Howard, as my executrix, under my will and request that she be allowed to qualify without being required to give bond.

"Out of my personal property I will to my nephew, John Howard, a son of my brother, John Howard, $100.00 to be paid to him after the death of my wife."

The bequests aggregate over $18,000.

Upon probating the will, Mrs. Howard was permitted to qualify as executrix without bond. Something over two years after her qualification and in response to a rule which issued from the county court, she made and filed a settlement, and thereafter certain beneficiaries under the will entered a motion in the county court to require the executrix to show cause why she should not be required to execute bond as such, and on hearing of the motion, the court ordered that she execute bond within a time specified. Having failed to comply with the order of the court, motion was made that she be ruled to show cause why she should·not be removed as executrix, and upon hearing of that motion an order was entered to remove her.

An appeal prosecuted by her to the circuit court resulted in a judgment setting aside the order of the county court requiring her to execute bond and removing her as executrix. The beneficiaries who initiated the proceedings are prosecuting this appeal.

It is argued in brief for appellants: (1) That Mrs. Howard under the will took only a life estate in the personal property of the testator and that she is only entitled to the income therefrom; and (2) that upon the showing made that the executrix was wasting the estate the order of the county court requiring her to give bond should have been affirmed, and the circuit court erred in adjudging otherwise.

Counsel for appellees are contending that Mrs. Howard took more than a mere life estate in the personal property of the testator; that under·the provision of the will she should not be required to execute bond.

The conflicting contentions regarding the character of the estate devised to Mrs. Howard necessarily call for a construction of the will, and in approaching that task it is the duty·of the court to look first to the instrument itself to determine, if possible, the intention of the testator, and if, when considered as a whole, such intention may be determined from the language of the instrument, there will be no necessity to invoke technical or collateral rules of construction, since they are merely aids in determining the purpose and intention of the testator where the language used is obscure or doubtful in meaning.

It will be noticed that in making disposition of the

real estate the testator apparently understood the difference between an estate in fee and a life estate with remainder over, since he gave to his wife certain real estate with the right to sell and dispose of same and use the proceeds thereof as she might please, and gave her the use of certain other real estate for life, but provided at her death it should go to one of his sisters. But when it came to making disposition of his personal estate, testator did not give to Mrs. Howard the right to sell or dispose of same or use same as she pleased as he did with a part of the real estate devised to her, but merely provided that she was to have the use and control thereof during her life, and then provided that at her death, named beneficiaries should take sums which in the aggregate practically equalled the amount of his personal estate as shown by the record.

In the case of Rice et al. v. Fields et al., 192 Ky. 161, 232 S. W. 385, the court had for construction a will devising to the wife of the testator all of his property, real and personal, "to be held and controlled by her and used by her for any purpose that she may see fit, during her natural life time, after her death, I desire that whatever may remain of my estate to be distributed equally among any heirs."

In that case the court was only required to determine the character of estate the wife took in the testator's real estate, since only the question of the title to the realty was involved. But necessarily under the quoted terms of the will she took the same character of estate in personalty as she did in the real estate. It was held that the will gave to the wife only a life estate in the real property. In the course of the opinion it was said:

"He gave his widow all of his property during her life for the following purposes only: [1] To be held by her; [2] to be controlled by her; and [3] to be used by her. He gave her no express power to sell or give the property to another, and she could not do so unless this power was conferred by the three words 'hold, control, and use' employed in the testamentary paper. Webster's New International Dictionary, defines the word 'hold' as follows: 'To retain in one's keeping; to

maintain possession of or authority over; not to give up or relinquish.'

"The same authority defines the word 'control': 'To exercise restraint or deciding influence over; to dominate; regulate; to hold from action; to curb; subject or overpower.'

"And the word 'use' is defined in the same book as follows: 'To make use of; to convert to one's service; to avail one's self of; to employ; as to use a plow, a chair, a book.'

"It will therefore readily be observed that the words employed by the testator did not invest the widow with the power of disposition of the property either by sale or otherwise than such as might incidentally appertain to a reasonable and free use of the property during her natural life."

It will be seen from a comparison of the quoted provisions of the will in the Rice Case with the will under consideration that a much stronger showing was made for the widow there than is made in this case.

In the case of Clore v. Clore, 184 Ky. 83, 211 S. W. 208, will be found a discussion of a number of cases dealing with wills containing similar provisions. In that case testator gave to his wife and daughter all of his estate "to use and enjoy during their natural lives, with remainder, if any, to my son." It was held in effect that in view of the use of the words "if any" following the word "remainder," the wife and daughter under the will had the right to consume so much of the principal estate as might be necessary for their comfort, support, and maintenance, leaving to the remainderman only so much of the estate as might be left after the wants of the wife and daughter had been satisfied. Here the bequest of the personal property to the wife to "use and control" during her life is not followed by the words "with remainder, if any," or words of similar import. See, also, Thomas' Adm'r v. Thomas, 220 Ky. 101, 294 S. W. 776.

Considering the language of the will as a whole in the light of the authorities cited, it is our conclusion that Mrs. Howard merely took a life estate in the personal property of the testator without right to consume any of the corpus.

It appears in the record that Mrs. Howard has paid out costs and expenses in a suit of a putative daughter against her husband's estate, and we would not be understood as holding that she may not have credit for reasonable expenses incurred in litigation to preserve the estate; but since that question is not now before us, we are not passing on it.

Coming to the second ground argued by counsel for appellant, it is shown that in addition to the costs and expenses incurred in defending the suit of the putative daughter, setting up claim to testator's estate, she has paid bequests which were directed to be paid at her death; and has spent or consumed a part of the corpus of the personal estate and is claiming and asserting a right to consume or to dispose of so much thereof as she may see fit.

Section 3887, Kentucky Statutes, reads:

"Surety shall not be required when the will so directs, unless on the motion of some one interested, or from the knowledge of the court it may appear proper to require it; and when so required, which may be at any time, surety shall be given by the executor, else he shall not be permitted to qualify, or, having qualified, he shall be removed."

Under that section of the statute, the court is authorized to and should require bond when it is made to appear necessary to protect the estate or the rights of any party in interest. Since we have concluded that Mrs. Howard took only a life estate in the personal property, it is apparent, without going into further detail concerning expenditures made by her and the attitude assumed by her with respect to the use of the estate, she should be required to execute bond as executrix; or if the personal estate has passed into her hands as a life tenant, she should be required to execute a forthcoming bond to protect and preserve the estate in remainder. See Owens v. Owens' Ex'r, 236 Ky. 118, 32 S. W. (2d) 731.

Wherefore, the judgment is reversed for proceedings in conformity with this opinion.

Whole court sitting.