## Miller, Commissioner of Finance, et al. v. Franklin County et al.

June 21, 1946.

Eldon S. Dummit, Attorney General, and H. K. Spear and Guy H. Herdman, Assistant Attorneys General, for appellants.

W. A. Young, County Attorney, for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Section 436.280 of KRS, sec. 1962, Carroll's Stats., prescribes that:

"Any bank, table, contrivance, machine or article used for carrying on a game prohibited by KRS 436.230, together with all money or other things staked or exhibited to allure persons to wager, may be seized by any justice of the peace, sheriff, constable or police officer of a city, with or without a warrant, and upon conviction of the person setting up or keeping the machine or contrivance, the money or other articles shall be forfeited for the use of the state, and the machine or contrivance and other articles shall be burned or destroyed. * * *"

Section 69.050 of KRS makes provision for compensation of Commonwealth's Attorneys, a portion of which is:

"Forty percent of all fines and forfeitures recovered in prosecutions before any county judge or magistrate and all of the fines and forfeitures rendered in circuit court except that part now allowed the circuit clerk and the county attorney."

Section 28.170 of KRS prescribes that circuit clerks shall collect fines and forfeitures and forward the

amount to the State Treasurer, and subsection (2) of KRS 28.180 prescribes that they "shall be allowed five percent" of all funds which they may collect and forward to the State Treasury under KRS 28.170.

Section 431.110 of KRS prescribes that "all fines and forfeitures imposed by the county judge of each county and paid into the State Treasury through the circuit clerk shall, after deducting the part allowed by law to officers, be paid to the county from which sent."

On February 3, 1946, the sheriff of Franklin County seized some slot machines found in two buildings in Frankfort, one of which was owned by William Howe and the other by Dennis Crittenden. The sheriff took possession of the machines and of their cash contents aggregating $294.61, all of which he reported to the Judge of Franklin County. The owners of the respective premises upon, or in which the slot machines were operated by lessees were arraigned before the county judge and each plead guilty of permitting the operation of the captured machines upon their respective premises and were fined as directed by KRS 436.240. The judge ordered the contents of the machines turned over to the Clerk of the Franklin *Quarterly* Court, but it appears that instead of doing so he delivered the captured funds to the Franklin *circuit* clerk who in turn delivered the amount to the State Treasurer. Later, demand was made of appellant, Clarence Miller, Commissioner of Finance of the Commonwealth, to issue his warrant to plaintiffs, the commonwealth attorney, the county attorney of Franklin County, the circuit clerk of the county, and to the county itself, their respective alleged commissions of the total captured fund of $294.61 found by the sheriff in the seized slot machines. The Commissioner declined the request which was followed by plaintiffs, the claimants of the fund, filing this action in the Franklin circuit court against the Finance Commissioner, and the State Treasurer, in which they prayed for a writ of mandamus compelling the Finance Commissioner to certify to the State Treasurer for payment to each of the plaintiffs the amount alleged to be due each of them as commission under the various sections of KRS supra, which were $117.84 to the county attorney; the same amount to the Commonwealth's attorney; $14.73 to the Franklin circuit court clerk and $44.20 to Franklin County.

Defendants demurred to the petition, but it does not appear from the record that it was ever acted on; nevertheless the court entered judgment in favor of plaintiffs and directed the Finance Commissioner to certify to the State·Treasurer "for immediate payment" the claimed commissions to the respective parties the amounts so adjudged to be due them, and the Treasurer was ordered "to forthwith draw, sign and deliver to each of the plaintiffs warrants" for the respective amounts so allowed. This appeal by defendants calls in question the correctness of that judgment.

It is first contended by appellants' counsel that the quarterly court proceeded without jurisdiction in confiscating the contents of the captured slot machines by the sheriff, since such an order was unauthorized until the operators of the machines were convicted of the offense of operating them, and since the petition does not allege that fact the quarterly court proceeded in advance of its jurisdiction. The petition does allege that the owners of the premises, who permitted and consented to such operations, plead guilty and were fined, but the right to confiscate the contents of the captured machines is not founded upon that fact, but upon the one of convicting the operators of the seized machines. However, since the fund finally arrived into the hands of the State Treasurer for proper appropriation, we have concluded to dispose of the questions raised on the merits of the case instead of disposing of it on the technicality advanced by appellants' counsel.

It is secondly argued on behalf of appellants that the fund in contest is not one subject to be apportioned among those named in the sections above referred to in the prescribed percentages as "fines and forfeitures" referred to in those sections, which counsel for defendants contends embraces only assessed penalties and fines by way of punishment of the offender and forfeited bail bonds, which as relating to fines is always a definitely fixed sum within the minimum and maximum amounts provided by the particular statute for the particular offense. Counsel, therefore, contend that the fund in contest was *not* one coming within the provisions of the listed statute relied on by appellees, but that·the involved fund is accumulated by violations of the operators of such gambling devices which is denounced by statute in an effort to·promote a sound·policy to pre-

vent enticements to gambling, and because of which the fund becomes tainted with the elements of contraband, and may be appropriated by confiscation proceedings analogous to that in escheat cases, and is not distributable among plaintiffs under the statutes supra upon which they rely.

It will be noticed that the fund was derived through the enforcement of the provisions of section 436.280 which says, inter alia, that such fund "shall be forfeited for the use of the state." Were it necessary to precisely define the meaning and intent of the word "use" —as so employed in that section of the statute—we would have no trouble in concluding that it means absolute appropriation, and without any qualifying language it means the absolute investiture of title. We have frequently so determined in an uncontradicted line of decisions interpreting the word as employed in wills, wherein testator devised property unqualifiedly for the "use" of his designated devisee. In each of which we held that an absolute title was intended. One of the late cases, so determining, is Hopkins v. Howard's Exr'x, 266 Ky. 685, 99 S. W. 2d 810. In that opinion we quoted from the prior case of Rice v. Fields, 192 Ky. 161, 232 S. W. 385. In that case the definition of the word "use," as given in Webster's New International Dictionary, was made and which was "to make use of, to convert to one's service, to avail oneself of, to employ." Law lexicographers define the term substantially in the same comprehensive language, and which we conclude leaves no room for controversy as to what was intended by the statute when it said in section 436.280 that the fund in contest should be "for the use of the state."

Moreover, KRS 431.100 says: "All fines and forfeitures imposed by law shall inure to and vest in the state, except in cases where, by law, the whole or a part thereof is given to a person or to some particular object, * * *." It would therefore appear that the distribution of fines and forfeitures, under which the fund here in contest is claimed by appellees under the sections of the statute supra, is not applicable to all sorts of fines and forfeitures contained in our statutes. On the contrary, such distribution is confined to fines and forfeitures for prosecution of misdemeanant by means of penal actions or indictments, and which conclusion is fortified by other sections of the statute, three of which

are 431.100, 436.280, and subsection (1) of 242.310, the latter providing for a forfeiture of all property used or permitted to be used in "unlawfully selling or transporting or possessing intoxicating liquors in dry territory." Section 242.330 of KRS provides for the sale of such forfeited property and with the proceeds to discharge any lien that might exist thereon and then distribute the balance according to the terms of the statute.

If, however, it were possible by any sort of reasoning or logic to conclude that the fund herein was a forfeiture within the meaning of the statutes relied on by plaintiffs, and appellees, then section 436.280 under the provisions of which it was obtained expressly says that it shall be "for the use of the state," which is an unqualified declaration clearly excluding it from distribution under the statutes relied on by appellees, and plaintiffs below.

Counsel for appellants, in addition to their contention as to the proper interpretation and application of the various involved statutes supra, invoke the doctrine of Contemporaneous Construction. It is a familiar one and in proper cases is of considerable weight and influence in the interpretation and application of statutes and other writings. But it was not presented by a pleading nor was it proven, and there exists some question as to whether we could take judicial knowledge of it so as to consider it and apply it as a determining factor in this case. Its only presentation is by counsel in their brief. Therefore, being thoroughly convinced that our foregoing interpretation is correct, we have concluded to rest the opinion on that conclusion without resorting to that doctrine. If, however, section 436.280, KRS—which was first enacted in 1893—has uniformly been interpreted by the administrative officers clothed with the duties of its enforcement, as we have done supra, by turning into the State Treasury for the use of the State the seized fund and not distributing it in the manner contended for by appellees, then our conclusion supra would be doubly strengthened, if additional strength were needed, but which we do not conclude is required.

Wherefore, the judgment is reversed with directions to set it aside and to sustain defendant's demurrer to the petition and for other orders consistent with this opinion.