Susie Alice DENNIS, Appellant,

v.

TRUSTEES OF CHOATEVILLE CHRISTIAN CHURCH et al., Appellees.

Court of Appeals of Kentucky.

March 2, 1956.

Rehearing Denied June 15, 1956.

Leslie W. Morris, Marion Rider, Frankfort, for appellant.

James P. Hanrahan, Ray Holbrook, Frankfort, for appellees.

STEWART, Judge.

George L. Dennis died testate, a resident of Franklin County, and his last will, probated April 10, 1945, after providing for the payment of his just debts and funeral expenses, including a grave marker, disposed of the residue of his estate in this clause of that instrument:

"Second, I hereby give and bequeath to my beloved wife, Susie Alice Dennis all of my property, personal, real and mixed to be used by her during her natural life and at her death the remainder to be invested and the proceeds to go to the upkeep of the Choateville Cemetery and I request the Farmers Bank and Capital Trust Company of Frankfort, Kentucky, to administer on same."

The testator and Susie Alice Dennis had been married many years prior to his death, and she was his sole survivor. The estate consisted of a house and lot on Broadway Street in Frankfort and the household furniture and personal effects contained therein. The wife has occupied the house since the decease of her husband. Her sole income has been the rent from rooms leased out by her. She alleged in her complaint that she is now 84 years of age and in bad health, that she is no longer able to look after the property, and that the rent received from roomers, after the payment of the taxes, insurance and repairs, is insufficient to supply her with the necessities of life and the nursing and medical care she now requires.

Susie Alice Dennis instituted this action for a declaration of rights, alleging she acquired under the aforesaid will a life estate with the right to encroach upon and use such of the property as might be reasonably requisite for her comfort and support. Additionally, she sought a determination of her right to mortgage or sell the house and lot in order to provide her with further funds as needed, because of her advanced age and extreme illness. The chancellor adjudged the testator devised to Susie Alice Dennis only a bare life estate in the real estate with no power to invade the principal for any purpose. She appeals from this interpretation of the will.

The question presented is the construction of the phraseology in the second clause

of the will, quoted above, particularly that portion wherein the testator stated all his property was "to be used by her (his wife) during her natural life and at her death the remainder to be invested and the proceeds to go to the upkeep of the Choateville Cemetery * * *." It should be emphasized, first, the testator devised the property to his wife "to be used by her during her natural life," and, second, at her death it is "the remainder" of his estate that is to be invested and the proceeds to be employed in the upkeep of the cemetery.

In Webster's New International Dictionary, Second Edition, the word "use" is defined among other things as, "To convert to one's service; to avail oneself of; to consume". The case of Miller v. Franklin County, 302 Ky. 652, 195 S.W.2d 315, 317, in construing the word "use" in a statute which required that gambling devices when seized by a peace officer " 'shall be forfeited for the *use* of the state' ", had this to say: " * * * Were it necessary to precisely define the meaning and intent of the word 'use'—as so employed in that section of the statute—we would have no trouble in concluding that it means absolute appropriation, and without any qualifying language it means the absolute investiture of title. We have frequently so determined in an uncontradicted line of decisions interpreting the word as employed in wills, wherein a testator devised property unqualifiedly for the 'use' of his designated devisee. * * * One of the late cases, so determining, is Hopkins v. Howard's Ex'x, 266 Ky. 685, 99 S.W.2d 810. In that opinion we quoted from the prior case of Rice v. Fields, 192 Ky. 161, 232 S.W. 385. * * *"

This Court in Weller v. Dinwiddie, 198 Ky. 360, 248 S.W. 874, 875, defined the word "remainder" as " * * * 'That which remains; something left as after subtraction.' Funk and Wagnalls. 'A portion of a thing remaining or left at the separation and removal of a part; remnant; residue.' Webster's New International Dictionary. Abbreviated they all include the idea of 'what is left' or 'what may remain.' "

In the will under consideration, the testator gave his wife all his property to be used by her during her natural life, and he set forth no distinction between real and personal estate in this respect. If personal property alone were involved here, it would scarcely be contended the wife could not have used it to exhaustion. It is apparent if he had intended only a life estate and nothing more he would have stopped there. But he added "to be used by her" to "during her natural life", and something was intended by this language, and that something was unquestionably an aim to enlarge, to augment the life estate. If anything is needed to strengthen this conclusion, it is furnished by that portion of the second clause which thereafter directs the disposition of "the remainder" at the death of his wife. We believe the employment of these words is a plain indication that the corpus of the estate was likely to be diminished during Susie Alice Dennis' lifetime.

The instrument before us is couched in the language of a layman, and there exists no reasonable basis for the application of a technical meaning to any of the terms employed by the testator; but, rather, it is evident he intended the language of his will to be understood in its popular sense. Therefore, when the testator wrote that his property was "to be used by (his wife) during her natural lifetime" and "the remainder" was to be invested and go to the upkeep of the cemetery, we give to these statements their ordinary, everyday meaning and hold that Susie Alice Dennis may encroach upon the principal of the estate left her, since such encroachment has been shown to be necessary to a reasonable and comfortable support of herself.

We come now to a consideration of the wife's power to mortgage or sell the real estate and, if we decide this power is vested in her, we must spell out the limitations, if any, placed upon her use of the proceeds derived from the one or the other transaction. The case of Trustees Presbyterian Church, Somerset v. Mize, 181 Ky. 567, 205 S.W. 674, 2 A.L.R. 1237, dealt with these

two subjects when the opinion interpreted a will containing language very similar to that of the one under discussion. The will provided: " 'The remainder of my property both real and personal of every kind and description, I give and bequeath to my beloved husband, C. C. Mize, to have and to enjoy same during his natural life and at his death should there be anything left, it is my wish that it shall go to the Presbyterian church of the city of Somerset, same to be used as the church may direct.' "

In holding that the phraseology " 'to have and to enjoy same during his natural life, and at his death should there be anything left,' " etc., bestowed upon her husband a life estate with the right to encroach for necessities, this Court had this to say in respect to the power of disposition implicit in the will where no express power appeared therein: " * * * Evidently the testatrix, by the use of the language, contemplated a diminution of the property, and she provided no method for its diminution, except by the enjoyment of it by the life tenant. The devise over of what should be left at the death of the life tenant necessarily means that portion of the property bequeathed which shall not have been disposed of at that time, and not having provided, in the will, for any disposition of it by anyone else, it necessarily confers by implication such a power upon the life tenant for the purpose of its enjoyment. * * * "

That same case went on to set forth the restraints imposed upon the husband in the enjoyment of the corpus of the estate. It held: " * * * He (C. C. Mize) cannot waste the estate nor give it away, nor dispose of it, except for his own necessary use. That is the meaning of the implied power of disposal. He has a right to the entire income from the property, and may encroach upon the principal, if such an encroachment is necessary to a reaonable and comfortable support for himself * * *." See also Collings v. Collings' Ex'rs, Ky., 260 S.W.2d 935.

The principles of law we have quoted from the Mize opinion are applicable here,

and under the authority of that case Susie Alice Dennis has full power of disposition to effectuate her use of the corpus in the manner indicated.

Wherefore, the judgment is reversed and the case is remanded for the entry of another judgment in conformity with this opinion.