| 96 | 387 |
| 98 | 220 |

# Staunton.

## TEESE v. KYLE AND OTHERS.

### SEPTEMBER 22, 1898.

1. WILLS—*Case in Judgment.*—A testator by his will declares :

"1. All my interest in the estate I bequeath to my beloved wife, M. P. Teese. Also fifty shares of stock of New York and Hudson River Railroad stock now owned by me. Also all moneys on deposit in the National Exchange Bank of Lynchburg, standing to my credit, or in my name. If surviving my wife, I leave this bequest to her sister, Virginia B. Pascoe.

"2. I give and bequeath to my sister, Margaret Kyle, Harrisville, Butler county, Penn., fifty shares of Pennsylvania Railway stock, standing in my name, to her and her heirs and assigns forever.

"3. I give and bequeath to my sister, Rebecca A. Henderson, of West Middlesex, Mercer county, Penn., and to her heirs and assigns forever, fifty shares of Pennsylvania Railroad stock, now standing in my name in that company.

"All other property of mine not thus disposed of I bequeath to my wife, and constitute her the sole executor of my last will and testament, and request no security be required of her as said executor."

HELD : While it is not clear what estate the testator referred to when he used the language "all my interest in the estate" in the first clause of his will, it is clear that the legatees, Margaret Kyle and Rebecca A. Henderson, took absolutely and presently the stocks bequeathed to them respectively by the second and third clauses of the will, and the appellant has no interest therein.

2. WILLS—*How Construed—Diminishing an Estate clearly Given by Another Clause.*—The object of courts in construing wills is to arrive at the expressed rather than the presumed intent of testators ; and a clearly expressed intention in one portion of a will is not to yield to a doubtful construction of other portions, but the terms which diminish or destroy an estate clearly given by one portion of a will must be as clear and as decisive as the terms by which it was given.

Appeal from a decree of the Circuit Court of Amherst county pronounced May 29, 1896, in a suit in chancery wherein the appellant was the complainant, and the appellees were the defendants.

*Affirmed.*

The opinion states the case.

*Caskie & Coleman,* for the appellant.

*Lee & Howard,* for the appellees.

HARRISON, J., delivered the opinion of the court.

The court being of opinion that there is no error in the decree appealed from to the prejudice of appellant, the jurisdiction of this court, which is denied by the appellees, may be conceded, for whether that question be decided for or against appellant the result is the same.

This suit was brought for a construction of the following testamentary paper:

" This is the last will and testament of Rev. David Teese, of Elon, Amherst county, Virginia.

" 1. All my interest in the *estate* I bequeath to my beloved wife, M. P. Teese. Also *fifty shares* of New York Central & Hd. River Railroad Stock now owned by me. Also *all monies* on deposit in the National Exchange Bank of Lynchburg, standing to my credit or in her name.

" If surviving my wife, I leave this bequest to her sister, Virginia B. Pascoe.

" 2. I give and bequeath to my sister, *Margaret Kyle,* Harrisville, Butler county, Pennsylvania, *fifty shares* of Pennsylvania Railway stock standing in my name, to her and her heirs and assigns forever.

" 3. I give and bequeath to my sister, *Rebecca A. Henderson,*

of West Middlesex, Mercer county, Pennsylvania, and to her heirs and assigns forever, *fifty shares* of Pennsylvania Railroad stock now standing in my name in that company.

"All other property of mine not thus disposed of I bequeath to my wife, and constitute her the sole executor of my last will and testament, and request *no security* be required of her as said executor.

" The foregoing will and testament is signed by me and acknowledged as such this 3d day of March, in the year 1893, and in the presence of these witnesses.

DAVID TEESE, [SEAL.]

" Witnesses :

WM. MURSELMAN, Elon, Va.

J. J. JONES, Elon, Va."

The lower court held that appellant took an absolute estate in all the property embraced in the first clause, that the bequest therein to Virginia B. Pascoe was intended to take effect only in the event that Margaret P. Teese, the appellant, should die in the lifetime of her husband, and the said Virginia B. Pascoe should survive both the testator and his wife.

Of this decree, Virginia B. Pascoe does not complain.

Upon the issue between appellant and the appellees, the lower court held that Margaret Kyle and Rebecca Henderson each took absolutely and presently the fifty shares of Pennsylvania Railway stock bequeathed to them, respectively, in the second and third clauses of the will, and that said bequests were not affected or qualified in any manner by any provision in any other clause of the will.

From this decree the widow, Margaret P. Teese, has appealed.

Her contention is " that the first clause of the will gave her the stock therein mentioned, and the money in bank absolutely ; and during her natural life, all of the interest or profits arising from the entire estate of the testator, with remainder for life if then living to her sister, Virginia B. Pascoe, and that the

bequests to the testator's two sisters were subject to this provision in favor of herself and sister." It is insisted that the Circuit Court gave no significance to the opening words used in the first clause: "All my interest in the estate I bequeath to my beloved wife, M. P. Teese," but wholly disregarded that expression, and construed the will as if those words had not occurred therein.

What estate the testator referred to when he used the language quoted, "All my interest in the estate" does not clearly appear. He was most likely referring to some estate in which he thought he might have some interest; perhaps the landed estate belonging to his wife and her sister, upon which, the petition for appeal admits, he had lived during his married life.

The testator is conceded to have been an intelligent minister of the gospel, and he would hardly have employed the language quoted for the purpose of carving out a life interest in his entire estate for his wife. Nor did he intend by it to give his wife the fee-simple in the entire estate, for then the subsequent provisions of the will would have been meaningless. While there may be doubt and room for conjecture as to what estate the testator referred when using the words quoted from the first clause of the will, there can be no doubt of the property referred to, or the meaning of the language used in framing the second and third clauses. These two bequests are expressed in clear, positive, and unambiguous terms, and give to each of the sisters named fifty shares of Pennsylvania Railroad stock standing in his name, without any limitation or restriction whatsoever upon the present, and absolute right to its use and enjoyment.

The object of courts in construing wills is to arrive at the true intent of the testator, but that intent is to be gathered from the language used. " Conjecture," it has been said, " cannot be permitted to usurp the place of judicial conclusion, nor supply what the testator has failed sufficiently to in-

dicate." The intention must be collected from the words of the will, for the object of construction is not to ascertain the presumed or supposed, but the expressed, intention of the testator, that is, the meaning which the words of the will, correctly interpreted, convey. *Hatcher* v. *Hatcher*, 80 Va. 171; *Waring* v. *Bosher*, 91 Va. 286. In the case last cited the president of the court, quoting from high authority, says: "A clearly expressed intention in one portion of the will is not to yield to a doubtful construction in any other portion of the instrument."

In *Gaskins* v. *Hutton*, 92 Va. 528, Judge Buchanan, speaking for the court, and citing numerous authorities in support of the proposition, says: "It is a settled rule of construction, both in deeds and in wills, that if an estate is conveyed, or an interest given, or a benefit bestowed, in one part of the instrument, by clear, unambiguous, and explicit words, such estate, interest, or benefit is not diminished nor destroyed by words in another part of the instrument, unless the terms which diminish or destroy the estate before given be as clear and decisive as the terms by which it was created."

In the light of these well-settled principles, the clear and unambiguous bequests to appellees cannot be taken away or diminished by the language relied on in the first clause of the will, which clearly was not intended as a bequest of the entire estate to appellant, nor as giving her a life estate in the whole; for the words are not such as are commonly used for creating a life estate, and cannot be made to refer to such an estate without supplying words not used by the testator. At most, that language only raises a doubt as to the estate referred to by it, and does not affect the clear rights of appellees under the clauses providing for them.

There is no error in the decree appealed from, and it is affirmed.

*Affirmed.*