# CIRCUIT COURT OF THE CITY OF NORFOLK

Scott T. Roberts,
Executor, etc.

v.

Craig T. Roberts et al.

November 4, 1998

Case No. (Chancery) C97-1844

BY JUDGE MARC JACOBSON

The Court has been asked to provide aid and direction relative to the construction of the portion of the Last Will and Testament of Levi J. Roberts, deceased, dealing with the transfer and/or disposition of the residence known as 5410 Lakewood Drive, Norfolk, Virginia.

Article V of the Will provides:

All the rest and residue of my estate, real and personal and wheresoever located, I give devise and bequeath unto Sovran Bank, N.A., to be held by it as Trustee upon the following uses and for the following purposes:

I direct my Trustee to hold in trust my principal place of residence at the time of my death, together with all furnishings and fixtures found therein, and allow my friend, Coralie B. Digges, to reside therein so long as she shall live or until she shall abandon said residence, for any reason, or until such time as she shall remarry, whichever event shall first occur, at which time the said residence, together with its furnishings and fixtures, is to be conveyed out of trust as hereinafter provided.

So long as my said residence is held in trust, I direct my Trustee to defray, from the trust estate, all reasonable costs of maintenance and upkeep of the said residence, including but not restricted to taxes, utilities and adequate insurance, it being my intent that Coralie B.

Digges be allowed to reside therein without cost to herself during the time said residence remains in trust.

I further direct my Trustee to pay to my friend, Coralie B. Digges, after provision for the cost hereinabove mentioned and at least as often as quarterly, the entire net income of the trust or the sum of One Thousand ($1,000.00) Dollars per month, whichever is less, said payments to be made to her or for her benefit so long as she shall live or until such time as she shall remarry, whichever shall first occur, at which time the trust is to terminate. Any additional current net income not utilized for the expenditures hereinabove authorized shall be added to the corpus of the trust to be invested and reinvested by my Trustees [sic] in its sole discretion.

Upon termination of the trust as hereinabove provided, I direct that my residence, together with all furnishings and fixtures therein, be conveyed out of trust to my grandson, Scott T. Roberts, or to his survivors. The remaining assets of the trust, including any accumulated income, shall be distributed outright and per stirpes in the following manner:

| To: Craig T. Roberts | 2/6ths |
| To: Nancy L. Roberts | 1/6th |
| To: Robin R. Roberts | 1/6th |
| To: Terri Ann Roberts | 1/6th |
| To: Susan L. Roberts | 1/6th |

It is undisputed that Cora Lee Digges ("Digges") has abandoned the residence. Thus the "abandonment clause" of paragraph 2 of Article V of the Will has been invoked. Paragraph 2 in and of itself provides that if any of the three conditions (abandonment, death, or remarriage) occurs then the consequence is: "at which time the said residence … is to be conveyed out of trust as hereinafter provided." Thus, according to paragraph 2, the residence should immediately be transferred to Scott Roberts.

Basically the issue appears to be whether or not paragraph 2 is to be read and/or interpreted with reference to the remaining applicable paragraphs of Article V. In construing a will, "the object is to determine what the testator meant by what he said in the will. If the intent is ascertainable from the language used, then that intent must be given effect." *Spicely v. Jones*, 199 Va. 703, 706, 101 S.E.2d 567, 569 (1958). "If the meaning of the words is plain, there is no room for construction." *Id.* (citations omitted). In this case, testator's intent is discernable from his will. In Article V, testator gives a

defeasible fee to Digges. Digges is allowed to stay in testator's residence so long as she is alive, unmarried, and wishes to remain. Upon her death or remarriage or abandonment of the property, the residence is to be conveyed out of the trust in the manner provided in the will. Digges has unqualifiedly abandoned the property and indicated that she no longer desires to nor will reside at the residence.

The last paragraph of Article V provides that "upon termination of the trust as hereinabove provided, I direct that my residence, together with all furnishing and fixtures therein, be conveyed out of trust" to Scott T. Roberts. While arguably, conveyance of the residence could be dependent upon paragraph five of Article V's "termination of the trust," the more specific provision of paragraph two clearly evinces testator's intent that the residence be conveyed out of the trust prior to the trust's termination. The Supreme Court of Virginia has indicated that if one clause is plain and unambiguous and a second can be read to conflict, the first should control.

"In *Gaskins v. Hunton*, 92 Va. 523, Judge Buchanan, speaking for the court, and citing numerous authorities in support of the proposition, says: 'it is a settled rule of construction, both in deeds and in wills, that if an estate is conveyed, or an interest given, or a benefit bestowed, in one part of the instrument, by clear, unambiguous, and explicit words, such estate, interest, or benefits is not diminished nor destroyed by words in another part of the instrument, unless the terms which diminish or destroy the estate before given be as clear and decisive as the terms by which it was created'." *Teese v. Kyle*, 96 Va. 387, 391, 31 S.E. 523, 524 (1898).

Accordingly, the Court finds and rules that the Will provides for the transfer of the residence to Scott T. Roberts.

The Court specifically does not consider nor render an opinion on the terms, conditions, and/or provisions of the Will or any obligations or requirements under the Will, monetary or otherwise. Further, the Court has not been called upon to address nor consider the status of the $1,000.00 or less payments to Ms. Digges, as the case may be, and the Court does not do so.

The Court would ask that Mr. Lawrence please prepare an order in accordance with the foregoing limiting the order solely to the issue of the transfer of the residence to Scott T. Roberts.